IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN J. FLYNN, JAMES BOLAND, GERALD O'MALLEY KEN LAMBERT, GERARD SCARANO, H.J. BRAMLETT EUGENE GEORGE, ROBERT HOOVER, MATTHEW AQUILINE, GREGORY R. HESS, MICHAEL SCHMERBECK, VINCENT DELAZZERO, BENJAMIN CAPP, and WILLIAM MCCONNELL, as Trustees of, and on behalf of the BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, <br> 620 F Street, NW, Suite 700 <br> Washington, DC  20004-1604 <br> (202) 783-3788, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN DANIEL BERICH, INDIVIDUALLY <br> 5775 Oak Creek Lane <br> Greenwood Village <br> Littleton, CO 80121, <br><br> TODD BERICH, INDIVIDUALLY <br> 3424 East Jamison Place <br> Littleton, CO 80122, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No.____ |

## COMPLAINT

Plaintiffs, by their attorneys, DICKSTEIN SHAPIRO LLP, complaining of the

Defendants, allege as follows:

2419438

## CAUSE OF ACTION

### Jurisdiction and Venue

1.      This is an action brought by the fiduciaries of the Bricklayers & Trowel Trades International Pension Fund ("IPF") to enforce the terms of the Plan and Trust Agreements adopted by the IPF and the provisions of Section 4301 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1451. This action arises under the laws of the United States, specifically Sections 4212(c) and 4301(a)(1) and (b) of ERISA, 29 U.S.C. §§ 1392(c) and 1451(a)(1) and (b). Pursuant to Section 4301(c) of ERISA, 29 U.S.C. § 1451(c), jurisdiction is therefore conferred on the Court.

2.      The IPF is administered in the District of Columbia. Venue is conferred on this Court pursuant to Section 4301(d) of ERISA, 29 U.S.C. § 1451(d), which provides:

> An action under this section may be brought in the district where the plan is administered or where a defendant resides or does business, and process may be served in any district where a defendant resides, does business, or may be found.

### Parties

3.      Plaintiffs are John J. Flynn, James Boland, Gerald O'Malley, Ken Lambert, Gerard Scarano, H. J. Bramlett, Eugene George, Robert Hoover, Matthew Aquiline, Gregory R. Hess, Michael Schmerbeck, Vincent DeLazzero, Benjamin Capp, and William McConnell, all of whom are Trustees of, and sue on behalf of, the IPF. The IPF is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). Plaintiffs bring this

2

action in their respective capacities as fiduciaries on behalf of, and for the benefit of, the participants and beneficiaries of the IPF.

4.     The IPF has been assigned, and is authorized to pursue, any and all claims to recover Withdrawal Liability owed by Dan Berich, Inc., on behalf of the Northwest Bricklayers Pension Plan, pursuant to an assignment of claims.

5.     Defendant John Daniel Berich ("Dan Berich") was the controlling owner and officer (President and CEO) of Dan Berich, Inc. ("DBI"), a building and construction industry employer maintaining offices and conducting business in the state of Colorado.  DBI has employed members of the International Union of Bricklayers and Allied Craftworkers or its affiliates ("Union").

6.     Defendant Todd Berich, son of Dan Berich, was the principal officer (President) of DBI since 2001, and the person controlling the affairs of DBI.  Todd Berich is a controlling owner and officer of Berich Masonry, Inc. ("BMI"), a building and construction employer maintaining offices and conducting business in the state of Colorado.  Todd Berich is also a controlling owner and officer of Integrity Equipment Company, Inc. ("Integrity"), maintaining offices and conducting business in the state of Colorado.

## Defendants' Scheme to Evade or Avoid Withdrawal Liability

7.     From the time of its incorporation in 1960, DBI, acting by and through its authorized agents or officers, was signatory to various collective bargaining agreements ("CBAs") with the Union.  For over four decades, DBI's contracts with the Union governed the terms and conditions of employment of DBI's Bricklayer employees.

3

2419438

8.    DBI terminated its CBA with the Union and withdrew from the IPF in 2003, thereafter conducting the same business "non-union."

9.    Pursuant to Section 4203(b) of ERISA, 29 U.S.C. § 1383(b), a building and construction industry employer "withdraws" from a plan if the employer ceases to have an obligation to contribute under the plan and either (i) continues to perform work in the jurisdiction of the collective bargaining agreement of the type for which contributions were previously required, or (ii) resumes such work within five years after the date on which the obligation to contribute under the plan ceases.

10.    By notice dated March 16, 2004, attached hereto as Exhibit A, the IPF determined that DBI had withdrawn from the IPF within the meaning of Section 4203(b) of ERISA, 29 U.S.C. § 1383(b), by continuing to perform work in the jurisdiction of the collective bargaining agreement of the type for which contributions were previously required. The IPF notified DBI of its liability under Sections 4201 and 4219 of ERISA, 29 U.S.C. §§ 1381 and 1399 ("Withdrawal Liability") of $504,279.00, and demanded payment as provided by Sections 4202 and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1).

11.    Pursuant to the notice sent by the IPF, DBI was obligated to pay to the IPF $6,427.71 on or before May 16, 2004. Thereafter, DBI was obligated to pay $6,427.71 per month for 101 additional months, with a final payment of $42.95. *See* Exhibit A.

12.    The Northwest Bricklayers Pension Plan also assessed DBI's Withdrawal Liability as $103,942.00, and made demand for this sum.

13.    On May 10, 2004, DBI commenced making periodic Withdrawal Liability payments to the IPF.

4

14.     On June 11, 2004, DBI requested review of the IPF's Withdrawal Liability assessment pursuant to Section 4219(b)(2)(A), 29 U.S.C. § 1399(b)(2)(A).  After receiving the IPF's written response to its request for review, DBI sought to initiate arbitration of its dispute over the Withdrawal Liability assessed.  *See* Section 4221(a) of ERISA, 29 U.S.C. § 1401(a).

15.     The parties selected an arbitrator, but DBI decided not to pursue arbitration.  DBI continued to make its monthly payments until it ultimately ceased making any further payments to either the IPF or the Northwest Bricklayers Pension Plan.

16.     When DBI began making Withdrawal Liability payments to the IPF and the Northwest Bricklayers Pension Plan, Defendants Dan and Todd Berich devised an elaborate scheme to evade or avoid DBI's Withdrawal Liability obligations.  The scheme began when Defendants siphoned off assets from DBI's line of credit, and culminated in DBI petitioning for bankruptcy in September 2006.  To date, DBI has paid only $154,265.04 of the $504,279.00 in Withdrawal Liability owed to the IPF.  The participants and beneficiaries of the IPF have been deprived of these moneys needed to fund current and future benefits, to which they are entitled.

17.     On May 1, 2004, irregular promissory notes were executed by Dan and Todd Berich (on behalf of DBI) to themselves, in the amounts of $114,192.83 and $183,979.95, respectively.  The notes were due on May 15, 2005, with interest at the rate of 11 percent per annum.  The notes appeared on DBI's books as reimbursement for "loans."  These payments made by DBI to Dan and Todd Berich were not "loans," but improper transfers of capital to DBI's owners, who authorized the payments themselves.

18.     In February of 2005, two disbursements from DBI's Key Bank operating account, in the amounts of $124,302.90 and $200,268.83, were made to Dan and Todd Berich, respectively.  The funds for these disbursements were drawn from DBI's line of credit, and

2419438

consisted of the principal amounts of the May 1, 2004 promissory notes plus 11 percent interest. Prior to the two disbursements, DBI's line of credit had ranged from $65,000 to $110,000. As a result of the disbursements, DBI's line of credit grew to $405,000.

19.    Also in February of 2005, Todd Berich formed Integrity, incorporated for the sole purpose of carrying out the scheme. Todd Berich owns 60% of Integrity's stock.

20.    In March and April of 2005, Integrity wrote two checks to DBI for $39,330.00 and $366,690.00, for the purchase of DBI's equipment at liquidation value. There is neither a contract nor a bill of sale for this total purchase of $406,020.00. The transaction was structured as a way for Integrity to purchase DBI's business without compensating DBI for its goodwill, while making the transaction appear legitimate.

21.    Dan and Todd Berich used the $406,020.00 from the sale of DBI's equipment to pay down DBI's line of credit. Integrity "leased" the purchased equipment back to DBI, as well as to other related contractors, Oberg Masonry and BMI.

22.    Oberg Masonry is owned by Bob Oberg, Todd Berich's cousin. BMI is a masonry contractor in which Todd Berich owns a 60% share, such that it is part of the same controlled group as Integrity. BMI works for many of the same general contractors as DBI. BMI has also used some of the same contractors as DBI and has hired former DBI employees.

23.    In May 2006, a year after Dan and Todd Berich depleted DBI's capital and sold its equipment to Integrity for lease to non-signatory entities BMI and Oberg Masonry, DBI ceased making its Withdrawal Liability payments to the IPF. The IPF repeated its demand for the delinquent Withdrawal Liability payments. *See* Letters dated June 14, 2006 and August 15,

2006, attached hereto as Exhibits B and C. DBI also ceased making Withdrawal Liability payments to the Northwest Bricklayers Pension Plan.

24.     DBI's failure to make payment as required by its Withdrawal Liability assessments constituted a default under Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

25.     Under Section 4301(b) of ERISA, 29 U.S.C. § 1451(b), DBI's default is treated in the same manner as a delinquency, within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

26.     On September 1, 2006, DBI filed a petition for bankruptcy under Chapter 7 of the Bankruptcy Code, attached hereto as Exhibit D.

27.     Subsequently, the IPF retained bankruptcy counsel to file a proof of claim in the amount of $350,014.00 for the Withdrawal Liability owed, attached hereto as Exhibit E. The IPF was one of only two creditors of DBI, the other creditor being the Northwest Bricklayers Pension Fund, with a claim of $94,490.20 for the balance of unpaid Withdrawal Liability owed by DBI. Thus, the only creditors of DBI were two ERISA funds owed Withdrawal Liability by DBI.

28.     Bankruptcy counsel retained by the IPF conducted a Rule 2004 Examination and requested documentation reflecting the manner in which Dan and Todd Berich used the DBI line of credit funds. Counsel for Dan and Todd Berich refused to provide such documentation on the grounds that the request was outside the scope of the Rule 2004 Examination. DBI counsel informed the IPF that other relevant documents were destroyed or were very difficult to locate.

## VIOLATIONS CHARGED

29.    Pursuant to Section 4212(c) of ERISA, 29 U.S.C. § 1392(c), "if a principal purpose of any transaction is to evade or avoid liability," then "liability shall be determined and collected without regard to such transaction."  A transaction meets this definition if (1) the consummation of the transaction allows the evasion and avoidance of withdrawal liability, and (2) a principal purpose of the transaction is the evasion and avoidance of withdrawal liability. Pursuant to this provision, any assets that were the subject of the transaction may be recovered from the transferees, the Defendants in this case.

30.    The IPF also has the right to bring this action against Defendants because it and the participants and beneficiaries of the IPF have been adversely affected and Defendants have sought to evade or avoid Withdrawal Liability.  *See* Sections 4212(c) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1392(c) and 1451(a)(1).  Defendants are personally liable for the Withdrawal Liability owed by DBI.

31.    Defendants, upon information and belief, conspired and orchestrated a scheme whereby:

(a)    DBI incurred Withdrawal Liability;

(b)    Defendants Dan and Todd Berich were aware of DBI's Withdrawal Liability obligations in light of Plaintiffs' notice dated March 16, 2004, and DBI commenced payment of its Withdrawal Liability;

(c)    Defendants Dan and Todd Berich executed a scheme with a principal purpose being to evade or avoid DBI's Withdrawal Liability obligations to the IPF and the Northwest Bricklayers Pension Plan, in that:

(1)    Dan and Todd Berich diverted DBI's capital via draws on DBI's line of credit for Defendants' personal use, using bogus promissory notes;

8

2419438

     (2)     Todd and Dan Berich sold over $400,000 of assets belonging to DBI to Todd Berich's company, Integrity, in order to pay off DBI's line of credit and make the transaction appear legitimate;

     (3)     Todd Berich's company, BMI, continued to operate without paying for the goodwill of DBI's business by leasing equipment Integrity purchased from DBI;

     (4)     DBI ceased making Withdrawal Liability payments to the IPF and the Northwest Bricklayers Pension Plan and soon after, filed for bankruptcy;

     (5)     This scheme was carried out so that DBI could avoid its Withdrawal Liability obligations and BMI could continue to operate.

   (e)     This transaction adversely affected the IPF and the Northwest Bricklayers Pension Plan in that they were, and are, unable to collect the Withdrawal Liability owed by DBI.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, and severally, as follows:

1.     For the transactions between Dan and Todd Berich and DBI to be disregarded, such that Plaintiffs may recover from Defendants the Withdrawal Liability owed by DBI, in the amounts of $350,014.00, representing the balance of the Withdrawal Liability due and owed the IPF, and $94,490.20, representing the balance of the Withdrawal Liability due and owed the Northwest Bricklayers Pension Fund, upon a default under Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5);

2.     For interest assessed on the unpaid Withdrawal Liability from the due date for payment under Sections 4301(b) and 502(g)(2)(B) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(B);

2419438

3.   For an additional computation of interest or liquidated damages, whichever is larger, assessed on the overdue Withdrawal Liability under Sections 4301(b) and 502(g)(2)(C) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(D);

4.   The amount incurred, and continuing to be incurred, by Plaintiffs for attorney's fees and costs of this action under Sections 4301(b) and 502(g)(2)(D) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(D); and

5.   Such other and further legal or equitable relief as this Court deems appropriate, including judgment for interest thereon that may accrue subsequent to the filing of this Complaint, as well as any resulting statutory damages thereon under ERISA.

Dated: April 4, 2008

By: _____
    Ira R. Mitzner, DC Bar No. 184564
    Charles V. Mehler III, DC Bar No. 475909
    Johnisha Matthews, DC Bar No. 492478
    DICKSTEIN SHAPIRO LLP
    1825 Eye Street, NW
    Washington, DC  20006-5403
    (202) 420-2200
    (202) 420-2201

    Attorneys for Plaintiffs

2419438

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JOHN FLYNN, et al. | JOHN DANIEL BERICH, INDIVIDUALLY AND TODD BERICH, INDIVIDUALLY |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) 11001 | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) <br><br> Ira R. Mitzner (202) 420-2200 <br> Dickstein Shapiro LLP <br> 1825 Eye Street, N.W. <br> Washington, DC 20006 | ATTORNEYS (IF KNOWN) |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**

- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)** OR **○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| **G.** *Habeas Corpus/ 2255* | **H.** *Employment Discrimination* | **I.** *FOIA/PRIVACY ACT* | **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| **K.** *Labor/ERISA (non-employment)* | **L.** *Other Civil Rights (non-employment)* | **M.** *Contract* | **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

ERISA - Complaint filed for recovery of Withdrawal Liability.
29 U.S.C. Sections 1451 and 1399

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   JURY DEMAND: Check YES only if demanded in complaint   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 4/4/08   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

Exhibit A



# Bricklayers & Trowel Trades International Pension Fund

Suite 750, 1776 Eye Street, Northwest Washington, D.C. 20006
Phone: (202)/638-1996
Fax: (202)/347-7339
http://www.ipfihf.org

March 16, 2004

Berich Dan, Inc.
1675 West Yale Avenue
Englewood, Colorado 80110

Re: Employer Withdrawal Liability

Gentlemen:

The Bricklayers and Trowel Trades International Pension Fund ("IPF") has determined that you have ceased to have an obligation to contribute to the IPF and you have continued to perform work in the jurisdiction of the collective bargaining agreement of the type for which contributions were previously required. In accordance with the provisions of the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), we have calculated your Employer Withdrawal Liability ("EWL") to be $504,279.00. The basis for this EWL is contained in the attached report from the IPF Actuary.

Also, in accordance with the MPPAA, the Board of Trustees has adopted a monthly payment schedule for satisfaction of this EWL. Pursuant to this schedule, you are required to pay this IPF $6,427.71 for 102 months and a final payment of $42.95. This payment schedule reflects an amortization of the total EWL over the number of months indicated above.

The first payment must be made within 60 days of the date of this letter. Thereafter, payment must be made no later than the 15th day of the month following the month payment is due (the "Due Date"). If payment is not received by the Due Date, you will be subject to interest, liquidated damages, costs and/or attorney's fees, in accordance with the IPF's collection procedures.

Should there be any questions regarding this matter, please write this office.

Sincerely,

David F. Stupar
Executive Director

Enclosure
cc: Ira R. Mitzner, Esq.
    Steve Cleveland

I.    **Estimated Withdrawal Liability Allocation to Berich Dan, Inc.**

Based on an assumed withdrawal date in 2003

1.  December 31, 2002 unfunded present value of vested benefits    $497,951,754

2.  Total contributions of withdrawing employer
    January 1, 1998 to December 31, 2002                            331,338

3.  Total contributions of all employers
    January 1, 1998 to December 31, 2002                          327,180,678

4.  Allocable share of liability: [(1) x (2) ÷ (3)]                 504,279

5.  Excused due to De Minimis Rule[*]                                     0

6.  Net withdrawal liability: (4) - (5)                             504,279

---

[*] The de minimis deductible is equal to $50,000 reduced $1 for each $1 that the allocable share of liability
exceeds $100,000.  If the allocable share of liability exceeds $150,000, the de minimis deductible is $0.

Exhibit B

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

*2101 L Street NW • Washington, DC 20037-1526*
*Tel (202) 785-9700 • Fax (202) 887-0689*

*Writer's Direct Dial: (202) 828-2234*
*E-Mail Address: MitznerI@dsmo.com*

June 14, 2006

**BY FACSIMILE AND U.S. MAIL**

Robert R. Miller, Esq.
Stettner, Miller and Cohn, P.C.
Independence Plaza
1050 – 17th Street
Suite 700
Denver, CO  80265-2008

Re:      Dan Berich, Inc. Withdrawal Liability Default Notification

Dear Mr. Miller:

        This letter serves as notification to your client Dan Berich, Inc. ("Berich") that it has failed to make its latest scheduled employer withdrawal liability ("EWL") payment for the month of May.  If this failure is not cured within 60 days of receipt of this written notification, or by August 14, 2006, Berich will have defaulted on its EWL.  *See* 29 U.S.C. §§ 1399(c)(2) and 1401(d).

        We assume that you are authorized to receive this notification on behalf of your client.  Should this not be the case, please notify us immediately.

        Should you have any questions, please feel free to contact me.

                            Very truly yours,

                            Ira R. Mitzner

cc:    David F. Stupar, Executive Director, IPF
       Michael Murphy, Director, Revenue Accounting, IPF
       Craig Weir, Editor, IPF

*1177 Avenue of the Americas • New York, New York 10036-2714*
*Tel (212) 835-1400 • Fax (212) 997-9880*
*www.legalinnovators.com*

2094099.01



Exhibit C

# **DICKSTEIN**SHAPIRO LLP

1825 Eye Street NW | Washington, DC 20006-5403
TEL (202) 420-2200 | FAX (202) 420-2201 | dicksteinshapiro.com

August 15, 2006

**By Facsimile & Certified Mail**

Mr. Robert R. Miller, Esq.
Stettner, Miller and Cohn, P.C.
Independence Plaza
1050 17th Street
Suite 700
Denver, CO 80265-2008

Re:    Dan Berich, Inc. Withdrawal Liability Final Default Notification

Dear Bob:

On June 14, 2006, I sent notification to you that your client Dan Berich, Inc. ("Berich") had failed to make its employer withdrawal liability ("EWL") payment for May 2006. This June 14, 2006 letter granted Berich 60 days pursuant to statute, or until August 14, 2006, to cure its failure to make payment. To date, Berich has failed to make *any* EWL payments since its missed May payment. Consequently, Berich has defaulted on its obligation, and my client is entitled to require immediate payment of the outstanding amount of EWL owed, plus accrued interest on this outstanding liability due from the due date of the first untimely payment, as well as any other related damages.

In an effort to give you time to rectify this, your client has an additional two weeks to make all payments due. If I have not heard from you by August 28, 2006, the Fund will pursue any and all legal remedies available to it without further notice.

Very truly yours,

Ira R. Mitzner
(202) 828-2234
mitzneri@dicksteinshapiro.com

IRM/jm

Washington, DC | New York, NY | Los Angeles, CA

**DICKSTEIN** SHAPIRO LLP
Mr. Robert Miller, Esq.
August 15, 2006
Page 2


cc:    David F. Stupar, Executive Director, IPF
        Michael Murphy, Director, Revenue Accounting, IPF
        Craig Weir, Editor, IPF

Exhibit D

(Official Form 1) (10/05)

| United States Bankruptcy Court<br>District of Colorado | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Dan Berich, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax ID No. (if more than one, state all)<br>**84-0611816** | Last four digits of Soc. Sec./Complete EIN or other Tax ID No. (if more than one, state all) |
| Street Address of Debtor (No. & Street, City, and State):<br>**1675 West Yale Ave., Unit D**<br>**Englewood, CO**<br><div align=right>ZIP Code<br>**80110**</div> | Street Address of Joint Debtor (No. & Street, City, and State):<br><div align=right>ZIP Code</div> |
| County of Residence or of the Principal Place of Business:<br>**Arapahoe** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**PO Box 2295**<br>**Englewood, CO**<br><div align=right>ZIP Code<br>**80150**</div> | Mailing Address of Joint Debtor (if different from street address):<br><div align=right>ZIP Code</div> |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| Type of Debtor (Form of Organization)<br>(Check one box) | Nature of Business<br>(Check all applicable boxes.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) | |
|---|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>■ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and provide the information requested below.)<br>State type of entity: | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Nonprofit Organization qualified under 26 U.S.C. § 501(c)(3) | ■ Chapter 7    ☐ Chapter 11    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9    ☐ Chapter 12    ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br><br>☐ Chapter 13 | |

|  |  |
|---|---|
| | **Nature of Debts** (Check one box) |
| | ☐ Consumer/Non-Business    ■ Business |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only) Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2 million. |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1000-<br>5,000 | 5001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|
| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Debts

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |

(Official Form 1) (10/05)                                                                                    FORM B1, Page 2

| **Voluntary Petition**<br><br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Dan Berich, Inc.** |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 8 Years** (If more than one, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.<br>I further certify that I delivered to the debtor the notice required by §342(b) of the Bankruptcy Code.<br><br>X _____<br>   Signature of Attorney for Debtor(s)         Date |
|---|---|

| **Exhibit C**<br><br>Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and Exhibit C is attached and made a part of this petition.<br><br>■ No | **Certification Concerning Debt Counseling**<br>**by Individual/Joint Debtor(s)**<br><br>☐ I/we have received approved budget and credit counseling during the 180-day period preceding the filing of this petition.<br><br>☐ I/we request a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances. (Must attach certification describing.) |
|---|---|

**Information Regarding the Debtor (Check the Applicable Boxes)**

Venue (Check any applicable box)

■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Statement by a Debtor Who Resides as a Tenant of Residential Property**
*Check all applicable boxes.*

☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)


_____
(Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

(Official Form 1) (10/05)                                                                              FORM B1, Page 3

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Dan Berich, Inc.** |
|---|---|

<div align="center"><b>Signatures</b></div>

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by §342(b) of the Bankruptcy Code.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by §1515 of title 11 are attached.

☐ Pursuant to §1511 of title 11, United States Code, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

**Signature of Attorney**

X **/s/ Robert Padjen**
Signature of Attorney for Debtor(s)

**Robert Padjen 14678**
Printed Name of Attorney for Debtor(s)

**Laufer and Padjen LLC**
Firm Name

**5290 DTC Parkway**
**Suite 150**
**Englewood, CO 80111**
Address

**(303) 830-3173  Fax: (303) 830-3135**
Telephone Number

**September 1, 2006**
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Dan Berich**
Signature of Authorized Individual

**Dan Berich**
Printed Name of Authorized Individual

**CEO**
Title of Authorized Individual

**September 1, 2006**
Date

Official Form 7
(10/05)

# United States Bankruptcy Court
## District of Colorado

In re    **Dan Berich, Inc.**                                    Case No. _____

                                       Debtor(s)             Chapter    **7** _____

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $2,084,575.00 | To April 2004 gross revenue from operations |
| $2,636,408.00 | To April 2005 gross revenue from operations |
| $703,102.00 | To April 2006 gross revenue from operations |

2

**2. Income other than from employment or operation of business**

<table>
<tr><td>None<br>☐</td><td>State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the <strong>two years</strong> immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)</td></tr>
</table>

| AMOUNT | SOURCE |
|---|---|
| $86,185.83 | US Treasury 1120A refunds: $7,577.48, $45,333.00, and $7,354.00<br>US Treasury 941 refund: $278.93<br>Class action suit settlement: $15.00<br>Lockton insurance refunds: $11,540.00, $5,538.00, and $8,549.42 |

**3. Payments to creditors**

<table>
<tr><td>None<br>■</td><td><em>Complete a. or b., as appropriate, and c.</em><br><br>a.    <em>Individual or joint debtor(s) with primarily consumer debts.</em>  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within <strong>90 days</strong> immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)</td></tr>
</table>

| NAME AND ADDRESS<br>OF CREDITOR | DATES OF<br>PAYMENTS | AMOUNT PAID | AMOUNT STILL<br>OWING |
|---|---|---|---|

<table>
<tr><td>None<br>■</td><td>b.    <em>Debtor whose debts are not primarily consumer debts:</em> List each payment or other transfer to any creditor made within <strong>90 days</strong> immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)</td></tr>
</table>

| NAME AND ADDRESS OF CREDITOR | DATES OF<br>PAYMENTS/<br>TRANSFERS | AMOUNT<br>PAID OR<br>VALUE OF<br>TRANSFERS | AMOUNT STILL<br>OWING |
|---|---|---|---|

<table>
<tr><td>None<br>☐</td><td>c.    <em>All debtors:</em> List all payments made within <strong>one year</strong> immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)</td></tr>
</table>

| NAME AND ADDRESS OF CREDITOR AND<br>RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL<br>OWING |
|---|---|---|---|
| **Todd Berich**<br>**2900 S. Shoshone St.**<br>**Englewood, CO 80110**<br>    **Officer and Shareholder** | Salary: 9/05 $13,173.52;<br>10/05 $9,533.52; 11/05<br>$9,534.96; 12/05 $4,942.51 | $37,184.51 | $0.00 |
| **Betty Berich**<br>**2900 S. Shoshone St.**<br>**Englewood, CO 80110**<br>    **Officer and Shareholder** | Salary monthly payments of<br>$961.99 for 9/05 to 12/05 | $3,847.96 | $0.00 |
| **Daniel A. Cooper**<br><br>    **Officer and Shareholder** | 9/05 Salary | $3,114.13 | $0.00 |

3

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
■  a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
■  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None
■  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None
■  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None
■  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

4

### 8. Losses

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9. Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Robert Padjen** **5290 DTC Parkway, Suite 150** **Englewood, CO 80111** | **August 2006** | **$3000** |

### 10. Other transfers

None
☐

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Sales by Ritchie Bros. Auctioneers** **821 Weld County Road 27** **Brighton, CO 80603** **Employed by Debtor** | 2/05 to 3/06 | **Various items of furniture, fixtures, equipment and vehicles were sold at auction and pursuant to appraisals for a total of $426,835.00. Note that some of the foregoing assets were purchased by Integrity Equipment Company, which is owned by certain former officers of the Debtor.** |

None
■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11. Closed financial accounts

None
☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **Key Bank** **100 Broadway** **Denver, CO 80203** | **Checking accounts #4453, 2492, 4428.** | **#s 4428 and 2492 closed 2/06 (zero balance) and # 4453 closed 5/06.** |

5

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **Key Bank**<br>**100 Broadway**<br>**Denver, CO 80203** | **Money Market checking.** | **05/25/06.** |

### 12. Safe deposit boxes

None
■  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None
■  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

None
■  List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

### 15. Prior address of debtor

None
■  If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

### 16. Spouses and Former Spouses

None
■  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

6

None ■ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None ☐ a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Dan Berich, Inc.** | **See Petition** | **See Petition** | **Commercial masonry** | **1960 to Dec 2005** |

None ■ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

7

### 19. Books, records and financial statements

None ☐ a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Comiskey and Co.**<br>**789 Sherman St., Ste. 385**<br>**Denver, CO 80203** | **1985 to present** |

None ☐ b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| **Comiskey and Co.** | **789 Sherman St., Ste. 385**<br>**Denver, CO 80203** | **2003** |

None ☐ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| **Comiskey & Co.** | **789 Sherman St., Ste 385**<br>**Denver, CO 80203** |
| **Debtor** | |

None ☐ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **Key Bank**<br>**100 Broadway**<br>**Denver, CO 80203** | |
| **CNA Surety**<br>**333 S. Wabash**<br>**Chicago, IL 60604** | |

### 20. Inventories

None ■ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|

None ■ b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY<br>RECORDS |
|---|---|

### 21 . Current Partners, Officers, Directors and Shareholders

None ■ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

8

None   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns,
☐      controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **Dan Berich** **5775 Oak Creek Lane** **Littleton, CO 80122** | CEO and sherholder | **75%** |
| **Todd Berich** **2900 S. Shoshone St.** **Englewood, CO 80110** | Shareholder | **23%** |
| **Daniel Cooper** | Shareholder | **2%** |

**22 . Former partners, officers, directors and shareholders**

None   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the
■      commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year**
☐      immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| **Todd Berich** **2900 S. Shoshone St.** **Englewood, CO 80110** | **President** | **April 2006** |

**23 . Withdrawals from a partnership or distributions by a corporation**

None   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation
☐      in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the
       commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **See Question 3c above** | **Salary** | **See Question 3c above** |
| **Officers and employees** | | |

**24. Tax Consolidation Group.**

None   If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated
■      group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement
       of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

**25. Pension Funds.**

None   If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an
☐      employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|
| **Bricklayers & Towel Trades International Pension Fund** | |
| **Northwest Bricklayers Penson Trust** | |

9

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  **September 1, 2006**                              Signature   **/s/ Dan Berich**

                                                                                   **Dan Berich**
                                                                                   **CEO**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Form 6-Summary
(10/05)

# United States Bankruptcy Court
## District of Colorado

In re    Dan Berich, Inc. _____,    Case No. _____

                          Debtor                              Chapter _____ **7** _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities."

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| | | | | AMOUNTS SCHEDULED | |
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 6,971.05 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 444,504.16 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 9 | | | |
| | | Total Assets | 6,971.05 | | |
| | | | Total Liabilities | 444,504.16 | |

Form B6A
(10/05)

In re    **Dan Berich, Inc.**                                                    Case No. _____
                                                              ,
                                          Debtor

# SCHEDULE A. REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

| | | |
|---|---|---|
| Sub-Total > | 0.00 | (Total of this page) |
| Total > | 0.00 | |

**0** continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Form B6B
(10/05)

In re    **Dan Berich, Inc.**                                      Case No._____
                                          ,
                              Debtor

## SCHEDULE B. PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
In providing the information requested in this schedule, do not include the name or address of a minor child. Simply state "a minor child."

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Funds held in trust account of Stettner Miller and Cohen PC** | - | 6,971.05 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

| | Sub-Total >  (Total of this page) | 6,971.05 |
|---|---|---|

__2__   continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                      Best Case Bankruptcy

Form B6B
(10/05)

In re    **Dan Berich, Inc.**                                                    Case No. _____
                                                              ,
                                        Debtor

# SCHEDULE B. PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >        **0.00**
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Form B6B
(10/05)

In re    **Dan Berich, Inc.**                                      ,          Case No. _____
                                                    Debtor

# SCHEDULE B. PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >            0.00
(Total of this page)
Total >          6,971.05

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Form B6D
(10/05)

In re    **Dan Berich, Inc.**                                                                    ,        Case No. _____

                                                                        Debtor

## SCHEDULE D. CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C§112; Fed.R.Bankr.P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

■    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |

**0**     continuation sheets attached

| | | |
|---|---|---|
| Subtotal (Total of this page) | | |
| Total (Report on Summary of Schedules) | **0.00** | |

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Form B6E
(10/05)

In re    **Dan Berich, Inc.**                                                                       Case No. _____

_____,
                                          Debtor

# SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C.§112; Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community". If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. If applicable, also report this total on the Means Test form.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic support obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, which ever occurred first, to the extent provided in 11 U.S.C. § 507 (a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

\*Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.
                                          __**0**__ continuation sheets attached

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                          Best Case Bankruptcy

Form B6F
(10/05)

In re    Dan Berich, Inc.                                                                    Case No. _____
                                                                    ,
                                              Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C.§112; Fed.R.Bankr.P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community maybe liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | 03/16/2004 | | | | |
| Bricklayers & Trowel Trades International Pension Fund 1776 I St. NW, STE 750 Washington, DC 20006 | - | | | | | | *Non* 350,013.96 |
| Account No. | | | 03/16/05 | | | | |
| Northwest Bricklayers Pension & Trust Masonry Industry Trust Admin. 9848 E. Burnside Portland, OR 97216 | - | | | | | | 94,490.20 |
| Account No. | | | | | | | |
| | | | | | | | |
| Account No. | | | | | | | |
| | | | | | | | |

**0**    continuation sheets attached

| | Subtotal (Total of this page) | 444,504.16 |
|---|---|---|
| | Total (Report on Summary of Schedules) | 444,504.16 |

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037          S/N:26006-060801   Best Case Bankruptcy

Form B6G
(10/05)

In re    **Dan Berich, Inc.**                                                                    Case No. _____
_____ ,
                                        Debtor

## SCHEDULE G. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child" and do not disclose the child's name.  See 11 U.S.C. § 112;  Fed.R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|

____**0**____  continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Form B6H
(10/05)

In re      **Dan Berich, Inc.**                                                        Case No. _____
                                                        ,
                                            Debtor

# SCHEDULE H. CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

____**0**____  continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                          Best Case Bankruptcy

Official Form 6-Decl.
(10/05)

# United States Bankruptcy Court
## District of Colorado

In re   __Dan Berich, Inc.__ _____    Case No. _____

                                     Debtor(s)            Chapter    __7__ _____

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

        I, the CEO of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __10__ sheets *[total shown on summary page plus 1]*, and that they are true and correct to the best of my knowledge, information, and belief.

Date __September 1, 2006__ _____       Signature   __/s/ Dan Berich__ _____
                                                     **Dan Berich**
                                                     **CEO**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

**United States Bankruptcy Court**
District of Colorado

In re   <u>**Dan Berich, Inc.**</u>                                            Case No.  <u>                </u>
                                      Debtor(s)             Chapter  <u> 7             </u>

# VERIFICATION OF CREDITOR MATRIX

I, the CEO of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   <u>**September  1, 2006**</u>         <u>***/s/* Dan Berich**                                </u>
                                              **Dan Berich/CEO**
                                              Signer/Title

# United States Bankruptcy Court
## District of Colorado

In re   Dan Berich, Inc.

Debtor(s)

Case No.

Chapter    7

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   Dan Berich, Inc.   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Dan Berich**
**See Statement of Affairs**

**Daniel Cooper**
**See Statement of Affairs**

**Todd Berich**
**See Statement of Affairs**

☐  None [*Check if applicable*]

September 1, 2006

Date

/s/ Robert Padjen

**Robert Padjen 14678**

Signature of Attorney or Litigant
Counsel for   Dan Berich, Inc.
**Laufer and Padjen LLC**
**5290 DTC Parkway**
**Suite 150**
**Englewood, CO 80111**
**(303) 830-3173 Fax:(303) 830-3135**

L.B.F. Misc. SCRA Declaration

# United States Bankruptcy Court
## District of Colorado

In re    **Dan Berich, Inc.** _____    Case No. _____

_____     Chapter    **7**
Debtor(s)

## DECLARATION PURSUANT TO SERVICEMEMBERS CIVIL RELIEF ACT OF 2003

*To be completed by the Debtor:*

Pursuant to the Servicemembers Civil Relief Act of 2003 ("SCRA"), I, ____**Dan Berich**____, the undersigned debtor, state that:

*Please check one:*

☐   I *am* entitled to the protections of SCRA.  The basis for my eligibility under SCRA is _____.

or

■   I *am not* entitled to the protections of the SCRA.

*To be completed by the Joint Debtor, if applicable:*

Pursuant to the Servicemembers Civil Relief Act of 2003 ("SCRA"), I, _____, the undersigned debtor, state that:

*Please check one:*

☐   I *am* entitled to the protections of SCRA.  The basis for my eligibility under SCRA is _____.

or

☐   I *am not* entitled to the protections of the SCRA.

Date  **September  1, 2006** _____     Signature    **/s/ Dan Berich** _____
                                                             **Dan Berich**
                                                             **CEO**

Form B6B
(10/05)

In re   **Dan Berich, Inc.**                                                     Case No. ____**06-16020**____
                                                    ,
                                    Debtor

## SCHEDULE B. PERSONAL PROPERTY - AMENDED

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
In providing the information requested in this schedule, do not include the name or address of a minor child. Simply state "a minor child."

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Funds held in trust account of Stettner Miller and Cohen PC** | - | 10,371.37 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

|  | Sub-Total >  | 10,371.37 |
|---|---|---|
|  | (Total of this page) | |

__2__ continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                   Best Case Bankruptcy

Form B6B
(10/05)

In re   **Dan Berich, Inc.**                                                    Case No.   **06-16020**
                                                                    ,
                            Debtor

## SCHEDULE B. PERSONAL PROPERTY - AMENDED
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >                    **0.00**
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Form B6B
(10/05)

In re **Dan Berich, Inc.**                                     Case No. ___**06-16020**___
_____,
Debtor

## SCHEDULE B. PERSONAL PROPERTY - AMENDED
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >          0.00
(Total of this page)
Total >          10,371.37

(Report also on Summary of Schedules)

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                     Best Case Bankruptcy

Official Form 6-Decl.
(10/05)

# United States Bankruptcy Court
## District of Colorado

In re   **Dan Berich, Inc.** _____

                                  Debtor(s)

Case No.   **06-16020** _____

Chapter    **7** _____

# DECLARATION CONCERNING DEBTOR'S SCHEDULES - AMENDED

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

       I, the CEO of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __**10**__ sheets *[total shown on summary page plus 1]*, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **September 13, 2006**_____

Signature    **/s/ Dan Berich**_____

                              **Dan Berich**

                              **CEO**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# District of Colorado
# Claims Register

### 06-16020-MER Dan Berich, Inc.

**Judge:** Michael E. Romero          **Chapter:** 7

**Office:** Denver          **Last Date to file claims:**

**Trustee:** Tom H. Connolly          **Last Date to file (Govt):**

| Creditor: Comiskey & Company, P.C. 789 sherman St. Ste. 385 Denver, CO 80203 | Claim No: 1 *Filed:* 10/30/2006 *Entered:* 10/30/2006 | Status: Filed by: CR *Entered by:* Nguyen, Thanh *Modified:* |
|---|---|---|

|  Unknown claimed: $5054.70 | | |
|---|---|---|
| **Total**     claimed: **$5054.70** | | |

*History:*

📄 1-1     10/30/2006 Claim #1 filed by Comiskey & Company, P.C. , total amount claimed: $5054.7 (Nguyen, Thanh)

| Creditor: Trustees, Bricklayers & Trowel Trades IPF c/o Ira R. Mitzner Dickstein Shapiro, LLC 1825 Eye Street, NW Washington, DC 20006 | Claim No: 2 *Filed:* 11/22/2006 *Entered:* 11/22/2006 | Status: Filed by: CR *Entered by:* Flora, Maria *Modified:* |
|---|---|---|

|  Unknown claimed: $350014.00 | | |
|---|---|---|
| **Total**     claimed: **$350014.00** | | |

*History:*

📄 2-1     11/22/2006 Claim #2 filed by Trustees, Bricklayers & Trowel Trades IPF , total amount claimed: $350014 (Flora, Maria)

## Claims Register Summary

**Case Name:** Dan Berich, Inc.
**Case Number:** 06-16020-MER
**Chapter:** 7
**Date Filed:** 09/01/2006
**Total Number Of Claims: 2**

| | Total Amount Claimed | Total Amount Allowed |
|---|---|---|
| **Unsecured** | | |
| **Secured** | | |
| **Priority** | | |
| **Unknown** | $355068.70 | |
| **Administrative** | | |
| **Total** | **$355068.70** | **$0.00** |

PDF created with pdfFactory trial version www.softwarelabs.com

CM/ECF Live Database - Modify the description for an existing claim                Page 2 of 2

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/18/2007 09:51:29 | | | |
| **PACER Login:** | bd0505 | **Client Code:** | |
| **Description:** | Claims Register | **Search Criteria:** | 06-16020-MER Filed or Entered From: 1/1/1990 Filed or Entered To: 1/18/2007 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

PDF created with pdfFactory trial version www.softwarelabs.com

FROM :                          FAX NO. :3037779774          Jan. 24 2007 10:26AM  P1

# FAX

**I.U.B.A.C. LOCAL 7 COLORADO**
**5201 E. 38th Avenue**
**Denver, CO 80207**

**Date**   1/24/07

Number of pages including cover sheet   1

**To:**   Ira Mitzner

**From: Bricklayers & Allied**
**Craftworkers Local 7 Colorado**

**BRICK, STONE, TILE, MARBLE**
**& TERRAZZO WORKERS**

**Patrick F. Schwarz**

Phone _____

Fax
Phone   202-420-2201

CC: _____

**Email**   bricklayersalife@qwest.net

Phone   **303-777-0298**

Fax Phone   **303-777-9774**

**REMARKS:**

☐ Urgent    ☐ For your review    ☐ Reply ASAP    ☐ Please comment

**Brad Middleton**

**Northwest Pension**

**Phone #503-968-7487**

**Ronald E. Lehman    Ph. #303-986-8762**

**401K with Dan Berich, Inc.**

He claims he lost $3,000 to $4,000 when he pulled his money out.  If you need copies Ron
is willing to help.

Exhibit E

NOV-10-2006 FRI 09:41 AM FRANKLIN LEGAL SUITES    FAX NO. 303 832 6947    P. 02

FORM B10 (Official Form 10) (10/05)

| UNITED STATES BANKRUPTCY COURT | DISTRICT OF Colorado | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor DAN BERICH, INC. | Case Number 06-16020-MER | |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**Trustees, Bricklayers & Trowel Trades IPF**

Name and address where notices should be sent:

Trustees, Bricklayers & Trowel Trades IPF, c/o Ira R. Mitzner, Dickstein Shapiro LLC, 1825 Eye Street, NW Washington, DC 20006
Telephone number: (202) 420-4101

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☑ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Last four digits of account or other number by which creditor identifies debtor:

Check here ☐ replaces
if this claim ☐ amends a previously filed claim, dated:_____

1. **Basis for Claim**
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☑ Other  Employer Withdrawal Liability

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last four digits of your SS #: _____
   Unpaid compensation for services performed
   from _____ to _____
        (date)        (date)

2. Date debt was incurred: ~~December 31, 2002~~
   December 31, 2003

3. If court judgment, date obtained:

4. **Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

Unsecured Nonpriority Claim $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Secured Claim**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other_____
Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**Unsecured Priority Claim**

☑ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $350,014.00

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☑ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

5. **Total Amount of Claim at Time Case Filed:** $350,014    350,014    350,014
                                                    (unsecured)  (secured)  (priority)  (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

6. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

7. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date 11/07/06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): /s/ Ira R. Mitzner, Esq. attorney in fact for claimant |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# U.S. Bankruptcy Court

## District of Colorado

Notice of Electronic Claims Filing

The following transaction was received from Flora, Maria on 11/22/2006 at 12:27 PM MST

| | |
|---|---|
| **Case Name:** | Dan Berich, Inc. |
| **Case Number:** | 06-16020-MER |
| **Creditor Name:** | Trustees, Bricklayers & Trowel Trades IPF<br>c/o Ira R. Mitzner<br>Dickstein Shapiro, LLC<br>1825 Eye Street, NW<br>Washington, DC 20006 |
| **Claim Number:** | 2   Claims Register |
| **Total Amount Claimed:** | $350014.00 |

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\Documents and Settings\Maria J. Flora\My Documents\Bricklayers\20061122BerichPOC.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=985638001 [Date=11/22/2006] [FileNumber=9121736-0
] [5cc313b5306f5f876c16dc0ce676e22e7dc26fb0b5d6c8e6cd744aa691260a75f56
97d60ff1e12f7223c81420261d6835b1d7a92989baaa37327db6c5f2571cb]]

**06-16020-MER Notice will be electronically mailed to:**

Tom H. Connolly       tom@crlpc.com, tconnolly@ecf.epiqsystems.com

Maria J. Flora       mjflora@msn.com

Robert Padjen       rp@jlrplaw.com

US Trustee       USTPRegion19.DV.ECF@usdoj.gov

**06-16020-MER Notice will not be electronically mailed to:**

File another claim

PDF created with pdfFactory trial version www.softwarelabs.com