IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN J. FLYNN, JAMES BOLAND, GERALD O'MALLEY, KEN LAMBERT, GERARD SCARANO, H.J. BRAMLETT EUGENE GEORGE, ROBERT HOOVER, MATTHEW AQUILINE, GREGORY R. HESS, MICHAEL SCHMERBECK, VINCENT DELAZZERO, BENJAMIN CAPP, and WILLIAM MCCONNELL, as Trustees of, and on behalf of the BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND,   620 F Street, NW, Suite 700   Washington, DC 20004-1604   (202) 783-3788<br><br>        Plaintiffs,<br><br>     v.<br><br>JOHN DANIEL BERICH, INDIVIDUALLY   5775 Oak Creek Lane   Greenwood Village, CO 80121,<br><br>TODD BERICH, INDIVIDUALLY,   3424 East Jamison Place   Littleton, CO 80122<br><br>        Defendants. | Civil Action No. 08-cv-0588-PLF |

**MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER**

Defendants John Daniel Berich and Todd Berich, by and through undersigned counsel, submit this brief in support of their Motion to Dismiss plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1), (2) and (6) for lack of subject matter jurisdiction, lack of personal jurisdiction and failure to state a claim. Although any of these arguments are sufficient to result

1

in dismissal of the complaint, to forestall a claim of waiver, defendants also submit this motion under 28 U.S.C. § 1404 because the interests of justice and the convenience of the parties are not served by filing this action in this district.

## I. INTRODUCTION

Plaintiffs' Complaint is brought against John Daniel Berich ("Dan Berich") and Todd Berich as individuals on behalf of the trustees of the Bricklayers & Trowel Trades International Pension Fund ("IPF").

Plaintiffs' Complaint states that it is brought to enforce plan and trust agreements and Section 4301 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1451. (Compl. ¶ 1). It asks the court to disregard certain transactions between Dan and Todd Berich and a company that has filed for bankruptcy pursuant to ERISA Section 4212(c), 29 U.S.C. § 1392(c). It further asks the court to order the individual defendants to pay the balance of withdrawal liability allegedly owed by that company to the funds plus other damages related to the corporation's withdrawal liability. (Compl. pp. 2-3, ¶¶ 1-5, pp. 9-10, ¶¶ 1-5).

Defendants request the court dismiss plaintiffs' claims and enter judgment for defendants because the court lacks subject matter jurisdiction of plaintiff's claims under Fed. R. Civ. P. 12(b)(1); the defendants are not subject to the personal jurisdiction of this court under Fed. R. Civ. P. 12(b)(2) and the plaintiffs can prove no set of facts in support of their claims which would entitle them to relief under Fed. R. Civ. P. 12(b)(6). Even if the plaintiffs could overcome defendants' motions to dismiss, venue should be transferred pursuant to 28 U.S.C. § 1404(a).

## II.  BACKGROUND

Plaintiffs' Complaint contains the allegations summarized in the following paragraphs.

Dan Berich was the president and chief executive officer of a corporation called Dan Berich, Inc. ("Company"), which maintained offices and conducted business in the State of Colorado.  (Compl. ¶ 5).  Todd Berich was an officer of the Company.  (Compl. ¶ 6).  The Company was signatory to collective bargaining agreements with the International Union of Bricklayers and Allied Craftworkers ("Union") until 2003.  In 2003, the Company terminated the collective bargaining agreement with the Union and the Company and Union failed to reach agreement on a new contract.  (Compl. ¶¶ 7, 8).

By notice dated March 16, 2004, the IPF notified the Company of its determination that the Company had withdrawn from the IPF and owed withdrawal liability.  (Compl. ¶ 10).  IPF demanded payment in installments, beginning May 16, 2004.  (Compl. ¶¶ 10, 11).  The Northwest Bricklayers Pension Plan also notified the Company of withdrawal liability.[1]  (Compl. ¶ 12).

In May 2004, promissory notes for reimbursement for loans previously made to the Company by Dan and Todd Berich plus interest were documented, to become due in May 2005. (Compl. ¶ 17).  The Company made the installment payments from May 2004 through May 2006.  (Compl. ¶¶ 13, 23).  Reimbursements plus interest were paid from a Company account to Dan and Todd Berich in February 2005 (Compl. ¶ 18), and the Company sold equipment to a company called Integrity, allegedly "formed" by Todd Berich (Compl. ¶ 19).

---

[1] IPF alleges in the Complaint that the Northwest Bricklayers Pension Plan assigned its claims to IPF.  (Compl. ¶ 4).

In June and August 2006, the IPF sent demands to the Company for payment of delinquent withdrawal liability payments. (Compl. ¶ 23).

On September 1, 2006, the Company filed a petition for bankruptcy in the U.S. Bankruptcy Court for the District of Colorado, Case No. 06-16020-MER. (Compl. ¶ 26). In the bankruptcy action, the IPF filed a proof of claim for withdrawal liability in the amount of $350,014.00. (Compl. ¶ 27). In the complaint in this action, plaintiffs allege that the Northwest Bricklayers Pension Fund also filed a claim for withdrawal liability in the amount of $94,490.20, however, there is no record of such a claim being filed. (Compl. Ex. D, Claims Register). The Notice of Possible Dividends filed in the bankruptcy action on September 18, 2006 required claims to be filed by December 19, 2006. (Exhibit 1 hereto). The IPF's Complaint in the instant action asks this Court to order the individual defendants to pay withdrawal liability in the same amounts, plus additional alleged damages related to withdrawal liability. (Compl. pp. 9-10 at ¶¶ 1-5).

### III. DISCUSSION

**A.     Plaintiffs' claims should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.**

In ruling on a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a court must construe plaintiffs' complaint liberally, giving them the benefit of all favorable inferences that can be drawn from the alleged facts. See *Long Term Care Pharm. Alliance v. Leavitt*, 530 F. Supp. 2d 173, 180 (D. D.C. 2008), and cases cited therein. Nonetheless, plaintiffs bear the burden of establishing subject matter jurisdiction. *Id.*

Plaintiffs claim this Court has jurisdiction of this action under ERISA Section 4301(c) (29 U.S.C. § 1451(c)). (Compl. ¶ 1). The complaint seeks to recover the alleged remaining

4

withdrawal liability of the Company from individual defendants, but ERISA does not provide for recovery of withdrawal liability against individual defendants**.**

Section 4301(a) authorizes a plan fiduciary "who is affected by the act or omission of any party under this subtitle [29 U.S.C. § 1381 *et seq*.]" to bring an action for appropriate relief. 29 U.S.C. § 1451(a). Title IV of ERISA at Section 4201 [29 U.S.C. § 1381] provides that "If an employer withdraws from a multiemployer plan . . ., the employer is liable to the plan in the amount determined under this part to be withdrawal liability." 29 U.S.C. § 1381(a) (emphasis added). Title IV does not define the term "employer." Several circuit courts of appeal, including the D.C. Circuit, have held that individual executives, officers or shareholders of a corporation are not personally liable for withdrawal liability under Title IV, unless courts pierce the corporate veil. *See Connors v. P & M Coal Co*., 801 F.2d 1373, 1376 (D.C. Cir. 1986). *See also Scarbrough v. Perez*, 870 F.2d 1079, 1083 (6th Cir. 1989); *DeBreceni v. Graf Bros. Leasing, Inc.*, 828 F.2d 877, 880-81 (1st Cir. 1987). As discussed below, plaintiffs' complaint does not argue for piercing the corporate veil or allege facts that would justify it.

Plaintiffs also assert that their claims are brought pursuant to ERISA Section 4212(c) [29 U.S.C. § 1392(c)]. That section permits courts to set aside transfers of funds under certain circumstances, so that withdrawal liability, if determined to be due and owing, can be collected without regard to those transactions. Section 4212(c) provides: "If a principal purpose, of any transaction is to evade or avoid liability under this part, this part shall be applied (and liability shall be determined and collected) without regard to such transaction." 29 U.S.C. 1392(c). But that is not the relief sought in the complaint. Even though the complaint cites Section 4212(c), the complaint seeks to collect the remaining withdrawal liability from individual defendants. By

5

claiming jurisdiction under one section while seeking relief not available under that section, the complaint contradicts itself.  Although for purposes of a motion to dismiss, all of the allegations contained in the complaint are assumed to be true, courts do not accept as true self-contradictory factual allegations.  *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004); *Amore v. Accor N. Am., Inc.*, 529 F. Supp. 2d 85, 94 (D. D.C. 2008).  In this action, IPF seeks payment of the total amount of withdrawal liability it alleges the company owes, not to merely set aside a transaction.

     ERISA Section 4212(c) does not permit plaintiffs to assess withdrawal liability against individual defendants even if a court determines that a transaction was one to evade or avoid such liability.  The remedy provided by Section 4212 is to set aside the transaction, so that withdrawal liability can be determined without regard to the transaction.  *IUE AFL-CIO Pension Fund v. Locke Machine Co*., 726 F. Supp. 561, 570 (D. N.J. 1989).  In *Locke*, the employer corporation had terminated its operations and sold most of its assets.  The fund sued the individual shareholders and officers of the corporation for withdrawal liability when, after having paid seven installments, the corporation stopped making payments.  The suit alleged that the individual defendants knew of the withdrawal liability before they authorized the sale of assets and distribution of proceeds from the sale to shareholders.  The fund claimed that the distribution of the proceeds was a transaction to evade or avoid liability under Section 4212(c) and that the individuals were therefore jointly and severally liable with the corporation for the remainder of the withdrawal liability.  The court disagreed and held that individual defendants are not proper defendants in an ERISA claim for withdrawal liability

     For these reasons, jurisdiction is not properly grounded on ERISA and plaintiff's claims must be dismissed.

Because withdrawal liability, if it exists, remains the debt of the company, plaintiffs' relief for unpaid withdrawal liability, if any, must be found in the bankruptcy court. It can reasonably be inferred from allegations in the complaint that plaintiffs filed this action against the individual defendants, and did not file it against the Company, because the Company's bankruptcy filing automatically stayed the commencement or continuation of a judicial action against the debtor that was or could have been commenced before the commencement of the bankruptcy case. 11 U.S.C. § 362(a)(1). A proceeding is within the bankruptcy court's jurisdiction, if it "arises under" the Bankruptcy Code or "arises in" or is "related to" a case under the Code. 28 U.S.C. § 1334(b). The bankruptcy court has jurisdiction over claims related to the bankruptcy case that could conceivably have an effect on the estate being administered in bankruptcy. *Id*.; *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)); *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 308 & n. 6 (1995) (applying the *Pacor* test*); In re McGuirl,* 2001 Bankr. LEXIS 1799, No. 90-00141, 90-00142, 2001 WL 1798478, at *6 (Bankr. D. D.C. Nov. 30, 2001) (same); *Atkinson v. Kestell*, 954 F. Supp. 14, 16 (D. D.C. 1997) (same). Even if plaintiffs' claim was limited to a claim under ERISA Section 4212, the effect of succeeding on that claim would be to disregard the challenged transaction, which means that the Company (in this case, the bankruptcy estate) is deemed to possess the assets allegedly transferred to individual defendants. Thus, the outcome affects the bankruptcy estate.

It should also be noted that plaintiffs do not allege that they have obtained relief from the automatic stay from the bankruptcy court.[2] The automatic stay of § 362(a) applies not only to

---

[2] Nor do plaintiffs allege that they notified the bankruptcy court of the alleged assignment of claims from Northwest to IPF (Compl. ¶ 4), as required by Federal Rule of Bankruptcy Procedure 3001.

7

actions against the debtor, but also to actions seeking to obtain property of the bankruptcy estate. See 11 U.S.C. § 362(a)(1) and (3). A bankruptcy petition

> operates as a stay, applicable to all entities, of . . . (1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; . . . (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

11 U.S.C. § 362(a)(1) and (3). "Property of the estate" includes "all legal or equitable interests of the debtor in the property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The bankruptcy court has the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). "The filing of bankruptcy stays 'any act to obtain possession of property from the estate,' [11 U.S.C.] § 362(a)(3), and courts have interpreted this broadly." *LTV Corp. v. Gulf States Steel, Inc.*, 969 F.2d 1050, 1058-59 (D.C. Cir. 1992). "[A]n action taken against a nondebtor which would inevitably have an adverse impact upon the property of the estate must be barred by the automatic stay provision." *Licensing by Paolo, Inc. v. Sinatra (In re Gucci),* 126 F.3d 380, 392 (2d Cir. 1997). Insofar as plaintiffs do seek to set aside a transfer or transaction between the individual defendants and the Company under ERISA Section 4212, the automatic stay applies.

Plaintiffs are creditors in the bankruptcy action but have designed this lawsuit as an end-run of the bankruptcy stay where, among other things, the claim of Northwest is barred by its failure to file a claim. Additionally, the object of the automatic stay provision is essentially to solve a collective action problem - to make sure that creditors do not destroy the bankrupt estate in their scramble for relief. *United States v. Inslaw, Inc*., 932 F.2d 1467, 1473 (D.C. Cir. 1991),

8

citing H.R. Rep. No. 595, 95th Cong., 1st Sess. at 340; S. Rep. No. 989, 95th Cong., 2d Sess. at 49, 54-55.  This action should be dismissed.

**B.     The defendants are not subject to the personal jurisdiction of this Court and plaintiffs' claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).**

Individual defendants are not proper defendants in an ERISA claim for withdrawal liability, so plaintiffs may not rely on ERISA Section 4301 to establish personal jurisdiction over the defendants.

Section 4301(d) provides that in "an action under this section," "process may be served in any district where a defendant resides, does business or may be found."  29 U.S.C. § 1451(d).  However, the defendants here are individuals and are not "employers" for purposes of actions to collect withdrawal liability, therefore, the individuals are not properly named as defendants.  An exception has been found by some courts where a plan is seeking to pierce the corporate veil.  *See, e.g., P & M Coal*, 801 F.2d at 1376.  But where there is no allegation that "individual defendants should be personally liable under the traditional corporate law concepts of "alter ego" or "piercing the corporate veil," the claims against those defendants should be dismissed."  *Id.*

Plaintiffs have failed to allege a colorable ERISA action and plaintiffs may not rely on ERISA Section 4301 to establish personal jurisdiction over the defendants.  *See Locke*, 726 F. Supp. at 570.  The complaint identifies no other basis for jurisdiction.

**C.     Because plaintiffs have not filed a colorable claim under ERISA, that statute does not confer venue on this court to hear plaintiffs' claims as plaintiffs allege.**

Plaintiffs assert that venue in this action for payment of withdrawal liability is conferred upon this Court pursuant to Section 4301(d) of ERISA (29 U.S.C. § 1451(d)).  (Compl. ¶ 2) Section 4301(d) provides:

9

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1451(c) (emphasis added). Plaintiffs' Complaint does not allege a colorable action under ERISA, so Section 4301(d) does not provide a basis for filing those claims in this Court. Section 4201(a) permits actions to be brought against "employers." 29 U.S.C. § 1381(a). As discussed above, the individual defendants are not "employers" for purposes of ERISA actions to collect withdrawal liability. Accordingly, plaintiffs' reliance on Section 4301(d) for venue is misplaced.

**D.     The plaintiffs can prove no set of facts in support of their claims which would entitle them to relief and their claims should be dismissed under Rule 12(b)(6).**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A claim may be dismissed because it asserts a legal theory not cognizable as a matter of law or because the claim fails to allege sufficient facts to support a cognizable legal claim. *Morey v. Miano*, 141 F.Supp.2d 1061, 1062 (D. N.M. 2001). As discussed above, plaintiffs' claim to collect withdrawal liability from individuals fails to assert a legal theory cognizable at law. It also fails to allege sufficient facts to support a cognizable claim.

The plaintiff must allege a "plausible entitlement to relief," by setting forth "any set of facts consistent with the allegations." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1967, 1969 (2007). *See also Williams v. Savage*, 538 F.Supp.2d 34, 38-39 (D. D.C. 2008).

> In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations--including mixed questions of law and fact--as true and draw all reasonable inferences therefrom in the plaintiff's favor. While many well-pleaded complaints are conclusory, the court need not accept as true inferences

>unsupported by facts set out in the complaint or legal conclusions cast as factual allegations.

*Id.* (internal citations and quotation marks omitted).  The short and plain statement of fact required by Federal Rule of Civil Procedure 8(a)(2) must "possess enough heft to show that the pleader is entitled to relief," meaning that "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965.

Officers and controlling stockholders are not liable under ERISA for withdrawal liability obligations as a matter of law.  They cannot be subject to personal responsibility for withdrawal liability in the absence of conduct sufficient to "pierce the corporate veil" under common law.  *P & M Coal,* 801 F.2d at 1376-78.  To hold stockholders and officers personally liable for a withdrawal assessment, the courts apply principles of corporate law and determine whether sufficient facts have been alleged to pierce the corporate veil.  *See DeBreceni*, 828 F.2d at 878 (stringent "pierce the corporate veil" test applies in withdrawal liability cases).  Plaintiffs' Complaint does not argue for corporate veil piercing or allege that the individuals abused the corporate form in a manner that would justify piercing the corporate veil.

Plaintiffs have not asserted a legal theory cognizable in law for imposing withdrawal liability on the individual defendants.  As discussed above, if successful at challenging the transfers, plaintiffs' remedy at law would be to undo the transactions (repayment of loans) which, in this case, would have the effect of returning the repayments to the bankruptcy estate.  Additionally, the automatic stay triggered by the bankruptcy proceeding prevents plaintiffs from bringing suit to recover on the alleged withdrawal liability debt of the Company.  Both legally and factually, plaintiffs' Complaint fails to state a claim upon which relief can be granted against these defendants.

**E.     Even if plaintiffs' complaint were to survive defendants' motion to dismiss, transfer of venue to the District of Colorado would better serve the interests of justice and the convenience of the parties and witnesses.**

ERISA provides:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2).  In the instant case, venue in the District of Columbia could be proper only because the complaint alleges ERISA claims and plaintiffs allege that the trust is administered in the District of Columbia and that the Northwest Bricklayers Pension Plan assigned its claims to the International Pension Fund.  (Compl. ¶¶ 2, 4).  However, even if a certain venue is proper, the court may use its discretion to transfer the action to another district for the convenience of the parties or in the interest of justice, so long as the new forum would have been proper.  28 U.S.C. § 1404(a).  The deference given by the courts to Section 1132(e)(2) is overcome if the plaintiff's choice of forum is outweighed by the convenience of the parties, the convenience of the witnesses or the interests of justice.  *Int'l Painters and Allied Trades Industry Pension Fund v. Tri-State Interiors, Inc.*, 357 F.Supp.2d 54, 56 (D. D.C. 2004).

Dan Berich and Todd Berich are residents of the State of Colorado.  Dan Berich was the president and chief executive officer of a corporation called Dan Berich, Inc. ("Company"), which maintained offices and conducted business in the State of Colorado.  (Compl. ¶ 5).  Todd Berich is a former officer of the Company.  (Compl. ¶ 6).  The Company was signatory to collective bargaining agreements with Local # 7 of the International Union of Bricklayers and Allied Craftworkers ("Union") until 2003, when the Company terminated the collective bargaining agreement with the Union and the Company and Union failed to reach agreement on

a new contract. (Compl. ¶ 7, 8). Local # 7 is located in the State of Colorado. (See Compl. Ex. D, last page). The transactions complained of are alleged to have occurred in Colorado. (Compl. ¶¶ 17-21).

Venue in the District of Colorado would also be proper because all defendants reside and may be found in that district and the breach is alleged to have occurred in that district. See 29 U.S.C. § 1132(e)(2); 28 U.S.C. § 1391.

It can reasonably be inferred from the facts alleged in the complaint that most, if not all, of the witnesses for all parties reside in Colorado and that most of the exhibits related to the claims will be found there as well. The Company filed bankruptcy in the United States Bankruptcy Court for the District of Colorado and the bankruptcy trustee and bankruptcy attorneys are located in Colorado. (See Compl. Ex. D) Key Bank, alleged in plaintiffs' complaint as the location of the Company's operating account and source of disbursements to Dan and Todd Berich is located in Colorado. (See Compl. Ex. D, pp. 4, 7 of Statement of Financial Affairs). Because witnesses and exhibits likely to be used by both parties are located in Colorado, transferring venue will not serve merely to shift the inconvenience from defendants to plaintiffs, but will prove more convenient and cost effective for all parties.

The interests of justice can be better served by transferring the case to Colorado. Defendants here are not delinquent pension fund contributors, they are two individuals, accused of having improperly received a portion of the money plaintiffs claim is due from a corporation in bankruptcy.

**CONCLUSION**

For the reasons stated above and in the documents incorporated here by reference, plaintiffs' Complaint should be dismissed for lack of jurisdiction and improper venue and defendants awarded their attorneys' fees and costs and such other relief as the Court deems just and proper.

Respectfully submitted this 9th day of June, 2008.

> By: s/ Mary Lou Smith
> Mary Lou Smith
> D.C. Bar No. 389507
> HOWE, ANDERSON & STEYER, P.C.
> 815 Connecticut Avenue, N.W., Suite 620
> Washington, D.C.  20006
> 202-296-5680
> 202-331-8049 fax
> mlsmith@haspc.com
>
> By: s/ Robert R. Miller
> Robert R. Miller
> Susan M. Schaecher
> STETTNER MILLER, P.C.
> 1050 17th Street, Suite 700
> Denver, CO  80265-2008
> (303) 534-0273
> (303) 534-5046 fax
> rmiller@stetmil.com
> sschaecher@stetmil.com
> Attorneys for Defendants

(COB Form nopd.jsp #152)(12/03)

## UNITED STATES BANKRUPTCY COURT
District of Colorado

| | |
|---|---|
| Dan Berich, Inc. | Case Number.: 06−16020−MER |
| Debtor(s) | Chapter: 7 |
| Debtor SSN/TaxId Nos.: | |
| 84−0611816 | |
| Joint Debtor SSN/Tax Id Nos.: | |

Debtor(s)
aka(s), if any will be listed on the following page

### NOTICE OF POSSIBLE DIVIDENDS

It appearing to the Trustee that a dividend to creditors is possible;

Creditors are hereby notified that if they desire to participate in a distribution of assets, they must file a claim with the court no later than  12/19/06 .

Pursuant to Fed.R.B.P. 3002(c)(1) and (5) a proof of claim shall be filed BY A GOVERNMENTAL UNIT not later than 180 days after the date of the order for relief, or  12/19/06 .

All claimants who are seeking an administrative claim must obtain a Court Order pursuant to the Bankruptcy Code.

Proof of Claim Forms should be filed with:
    Clerk of the Bankruptcy Court
    U.S. Custom House
    721 19th Street
    Denver, Colorado 80202−2508

THE REVERSE OF THIS NOTICE IS A CLAIM AND MAY BE USED FOR FILING THE CLAIM HEREIN. CREDITORS WHO HAVE PREVIOUSLY FILED CLAIMS NEED NOT FILE AGAIN.

Dated: 9/18/06
    Tom H. Connolly
    390 Interlocken Crescent
    Ste. 490
    Broomfield, CO 80021

**Aliases Page**

**Debtor aka(s):**

No Aliases for Debtor

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN J. FLYNN, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JOHN DANIEL BERICH, INDIVIDUALLY, )<br>)<br>and )<br>)<br>TODD BERICH, INDIVIDUALLY, )<br>)<br>Defendants. )<br>) | Civil Action No. 08-cv-0588-PLF |

### ORDER GRANTING MOTION TO DISMISS

THIS MATTER having come before the Court on defendants' Motion to Dismiss or, in the Alternative, to Transfer this action under Rules 12(b)(1), (2) and (6) of the Federal Rules of Civil Procedure and the Court, being fully advised in the premises, does hereby

APPROVE defendants' Motion to Dismiss and ORDER the dismissal of this action with prejudice, each party to bear its own costs.

ENTERED AS AN ORDER OF THE COURT THIS ____ DAY OF _____, 2008.

BY THE COURT:

_____
U.S. District Court Judge