IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN FLYNN, et al., | ) |
| Plaintiffs, | ) ) ) No. 1:08-CV-0588-PLF |
| v. | ) ) |
| JOHN DANIEL BERICH, INDIVIDUALLY, et. al., | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
OR, IN THE ALTERNATIVE, TO TRANSFER**

Defendants John Daniel Berich and Todd Berich have filed a motion to dismiss or, in the alternative, to transfer this case. While Plaintiffs, Trustees of the Bricklayers & Trowel Trades International Pension Fund ("IPF") do not believe that the various arguments made by Defendants in support of their motion have any merit, these arguments need not be addressed at all in light of the IPF's filing, this same date, of an Amended Complaint. Federal Rule of Civil Procedure 15(a)(1)(A) entitled the IPF to file that Amended Complaint as a matter of right, without leave of court, since no responsive pleading has yet been served.[1] The Amended Complaint addresses and cures any alleged defects raised in Defendants' motion. Accordingly,

---

[1] Rule 15(a)(1)(A) provides:

> A party may amend its pleading once as matter of course: (A) before being served with a responsive pleading . . .

It is well-established that motions, including motions to dismiss such as that filed by Defendants, are not "responsive pleadings" for purposes of Rule 15(a)(1)(A). *See, e.g., Bowden v. United States*, 176 F.3d 552, 555 (D.C. Cir. 1999) (motion to dismiss or in the alternative for summary judgment is not considered responsive pleading); *James v. Hurson Assocs. v. Glickman*, 229 F.3d 277, 283 (D.C. Cir. 2000) ("We have repeatedly clarified that a motion to dismiss is not a responsive pleading for the purposes of Rule 15"); *see also* Fed.R.Civ.P. 7(a)(1)(A) (distinguishing "pleadings" and "motions" and providing an exclusive list, not including motions to dismiss or transfer, of what is a "pleading").

Defendants' pending motion, addressed to the now superseded original Complaint, should be denied as moot.[2]

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss or, in the alternative, to transfer, should be denied as moot in the light of the Amended Complaint filed this same date.

Dated: July 9, 2008

Respectfully submitted,

By: _____
Ira R. Mitzner, DC Bar No. 184564
Charles V. Mehler III, DC Bar No. 475909
Dickstein Shapiro LLP
1825 Eye Street, N.W.
Washington, D.C. 20006
(202) 420-2234

*Attorneys for Plaintiffs*

---

[2] Because the Amended Complaint asserts a new cause of action – withdrawal liability on piercing the corporate veil grounds – against the existing Defendants John Daniel and Todd Berich, narrows the relief requested against these Defendants for the original "evade or avoid" cause of action, and brings in a new Defendant, Integrity Equipment Company, Inc., the facts cited by Defendants in support of their motion to transfer (location and convenience of witnesses, location of documents, etc.) will likely be different under the Amended Complaint. This further demonstrates the necessity of any decision on transfer waiting until Defendants decide whether to file a motion to transfer based on the Amended Complaint. In any event, there is no basis for transfer in light of the strong deference that Congress has afforded to an ERISA fund's choice of forum. Relying on this Congressional policy, this Court has consistently denied employer motions to transfer ERISA actions filed by the IPF. *See, e.g., Flynn v. Veazey Corp.*, 310 F.Supp.2d 186, 193 (D.D.C. 2004) (denying employer's motion to transfer on the grounds that respecting the IPF's choice of forum "makes collection efforts efficient, economical, and inexpensive for ERISA funds, fulfilling Congress's intent to protect the financial integrity of such funds").

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN FLYNN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 1:08-CV-0588-PLF |
| v. | ) |
| | ) |
| JOHN DANIEL BERICH, INDIVIDUALLY, et. al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Upon consideration of the Plaintiffs' opposition to Defendants' motion to dismiss or in the alternative, to transfer this case, the Court finds that the motion should be denied. **ACCORDINGLY**, it is hereby

**ORDERED**, that the motion be, and it hereby is, **DENIED** as moot in light of the Amended Complaint filed by the Plaintiffs on July 9, 2008.

**SO ORDERED**, this _____ day of_____, 2008.

_____
Paul L. Friedman
United States District Judge

2468109

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN FLYNN, et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>JOHN DANIEL BERICH, INDIVIDUALLY, )<br>et. al., )<br><br>Defendants. ) | No. 1:08-CV-0588-PLF |

## LOCAL RULE 7(K) STATEMENT

Pursuant to Local Rule 7(k), the following persons are entitled to be served with orders, judgments and stipulations:

Ira R. Mitzner, Esquire
Charles V. Mehler III, Esquire
Dickstein Shapiro LLP
1825 Eye Street, N.W.
Washington, DC  20006-5403

Mary Lou Smith, Esquire
Howe, Anderson & Steyer, P.C.
815 Connecticut Avenue, NW, Suite 620
Washington, DC  20006