IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

)
JOHN J. FLYNN, et al.,                               )
                                                     )
                    Plaintiffs,                      )
                                                     )
          v.                                         )          Civil Action No. 08-cv-0588-PLF
                                                     )
JOHN DANIEL BERICH, et al.,                          )
                                                     )
                    Defendants.                      )
_____ )

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER**

For their response to Defendants' Motion to Dismiss or, in the Alternative, to Transfer ("Motion to Dismiss"), plaintiffs note the contemporaneous filing of their First Amended Complaint. Because defendants had not filed a responsive pleading within the meaning of Federal Rule of Civil Procedure 15(a) to the original complaint, plaintiffs contend (and defendants agree) that plaintiffs are entitled as a matter of course to file their First Amended Complaint.

Plaintiffs' Opposition to Defendants' Motion to Dismiss or, in the Alternative, to Transfer, also argues that plaintiffs need not address defendants' arguments at all in light of the filing of their First Amended Complaint.

The amended complaint does not cure the deficiencies of the original complaint that are raised in defendants' Motion to Dismiss. However, plaintiffs are entitled to file that amendment as of right and Plaintiffs' First Amended Complaint supersedes the original complaint and is now the operative complaint in the case. *See Washer v. Bullitt County*, 110 U.S. 558, 562; *Bancoult*

*v. McNamara*, 214 F.R.D. 5, 13 (D. D.C. 2003).  *See Nat'l City Mortg. Co. v. Navarro*, 220

F.R.D. 102, 106 (D. D.C. 2004).  *See also Bancoult*, 214 F.R.D. at 13 ("denying without

prejudice all pending motions pertaining to the original complaint"); *Turner v. Kight*, 192 F.

Supp. 2d 391, 397 (D. Md. 2002) (denying as moot the defendants' motions to dismiss on the

basis that the amended complaint supersedes the original complaint).   Accordingly, defendants

reply simply that the arguments raised in the Motion to Dismiss are meritorious as applied to the

amended complaint as well as to the original complaint, and defendants will address their

application in detail in responding to the amended complaint as permitted by the Federal Rules

of Civil Procedure and the orders of this court.

Defendants' Motion to Dismiss also included in the alternative, a motion to transfer the

case.  As noted in that motion, even if a certain venue is proper, the court may use its discretion

to transfer the action to another district for the convenience of the parties or in the interest of

justice, so long as the new forum would have been proper.  28 U.S.C. § 1404(a).  The deference

given by the courts to Section 1132(e)(2) is overcome if the plaintiff's choice of forum is

outweighed by the convenience of the parties, the convenience of the witnesses or the interests of

justice.  *Int'l Painters and Allied Trades Industry Pension Fund v. Tri-State Interiors, Inc.*, 357

F.Supp.2d 54, 56 (D. D.C. 2004).  Following the filing of the First Amended Complaint, it

remains true that the convenience of parties and witnesses and the interests of justice outweigh

plaintiffs' choice of forum.

The only amendment to the complaint affecting venue is the addition of a yet-unserved

party defendant:  Integrity Equipment Company, Inc.  The amended complaint alleges that

Integrity Equipment is a company maintaining offices and conducting business in the State of

Colorado.  (Am. Compl. ¶ 7)   It remains true that venue in the District of Colorado would also

be proper because all defendants reside and may be found in that district and the breach is

alleged to have occurred in that district.  See 29 U.S.C. § 1132(e)(2); 28 U.S.C. § 1391.  The

factual issues raised by Plaintiffs' addition of a claim to pierce the corporate veil also concern

activities in Colorado.  Transferring venue will not serve merely to shift the inconvenience from

defendants to plaintiffs, but will prove more convenient and cost effective for all parties.

    Respectfully submitted this 16th day of July, 2008.


By:  s/ Mary Lou Smith
Mary Lou Smith
D.C. Bar No. 389507
HOWE, ANDERSON & STEYER, P.C.
815 Connecticut Avenue, N.W., Suite 620
Washington, D.C.  20006
202-296-5680
202-331-8049 fax
mlsmith@haspc.com

By: s/ Robert R. Miller
Robert R. Miller
Susan M. Schaecher
STETTNER MILLER, P.C.
1050 17th Street, Suite 700
Denver, CO  80265-2008
(303) 534-0273
(303) 534-5046 fax
rmiller@stetmil.com
sschaecher@stetmil.com
Attorneys for Defendants