IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| JOHN J. FLYNN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-cv-0588-PLF |
| | ) | |
| JOHN DANIEL BERICH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____ )

## MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER

Defendants John Daniel Berich and Todd Berich, by and through undersigned counsel, submit this brief in support of their Motion to Dismiss Plaintiffs' First Amended Complaint under Federal Rules of Civil Procedure 12(b)(1), (2) and (6) for lack of subject matter jurisdiction, lack of  personal jurisdiction and failure to state a claim.  Although any of these arguments are sufficient to result in dismissal of the complaint, to forestall a claim of waiver, defendants also submit this motion under 28 U.S.C. § 1404 because the interests of justice and the convenience of the parties are not served by filing this action in this district.

## I.  INTRODUCTION

Plaintiffs' First Amended Complaint ("Amended Complaint" or "Am. Compl.") is brought against John Daniel Berich ("Dan Berich") and Todd Berich as individuals on behalf of the trustees of the Bricklayers & Trowel Trades International Pension Fund ("IPF").  Plaintiffs' Amended Complaint also names "Integrity Equipment Company, Inc." as a defendant, an entity that plaintiffs apparently have not yet served.

Plaintiffs' Amended Complaint states that it is brought to enforce plan and trust agreements and Section 4301 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1451. (Am. Compl. ¶ 1). It does not allege that any of the defendants are signatory to an ERISA plan. Its headings reference two claims for relief: "Count 1, Evasion or Avoidance of Withdrawal Liability" against all three named defendants citing ERISA Section 4212 (29 U.S.C. §1392), and "Count Two, Withdrawal Liability (Piercing the Corporate Veil)" against Dan and Todd Berich. Count One asks the court to disregard certain transactions between the three defendants and a company that is not a party to this lawsuit and to order the defendants to pay the balance of withdrawal liability and damages allegedly owed by the nonparty company to the plaintiffs. (Am. Compl. pp. 2-3, ¶¶ 1-5, pp. 9-12). Count Two asks the court to pierce the corporate veil to hold Dan and Todd Berich individually and personally liable for the nonparty company's liabilities. The nonparty company is in bankruptcy and plaintiffs have filed a claim in the bankruptcy proceeding for amounts it seeks to recover in this lawsuit, but their claims have not been resolved.

Defendants Dan and Todd Berich request the court dismiss plaintiffs' claims and enter judgment for defendants because the court lacks subject matter jurisdiction of plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(1), the defendants are not subject to the personal jurisdiction of this court under Rule 12(b)(2) and the plaintiffs can prove no set of facts in support of their claims which would entitle them to relief under Rule 12(b)(6). Alternatively, if the amended complaint survives the motion to dismiss, venue should be transferred pursuant to 28 U.S.C. § 1404(a) to better serve the interests of justice and the convenience of the parties and witnesses.

## II. BACKGROUND

Plaintiffs' Amended Complaint contains the allegations summarized in the following paragraphs of this Section II.

Dan Berich was the president and chief executive officer of a corporation called Dan Berich, Inc. ("DBI"), which maintained offices and conducted business in the State of Colorado. (Am. Compl. ¶ 5). Todd Berich was an officer of DBI. (Am. Compl. ¶ 6). The Company was signatory to collective bargaining agreements with the International Union of Bricklayers and Allied Craftworkers ("Union"), until 2003. In 2003, DBI terminated the collective bargaining agreement with the Union and DBI and Union failed to reach agreement on a new contract. (Am. Compl. ¶¶ 8, 9).

By notice dated March 16, 2004, the IPF notified DBI of its determination that DBI had withdrawn from the IPF and owed withdrawal liability. (Am. Compl. ¶ 11). IPF demanded payment in installments, beginning May 16, 2004. (Am. Compl. ¶¶ 11, 12). The Northwest Bricklayers Pension Plan also notified DBI of withdrawal liability. (Am. Compl. ¶ 13). DBI made the installment payments from May 2004 through May 2006. (Am. Compl. ¶¶ 14, 24).

In May 2004, promissory notes for reimbursement for loans previously made to DBI by Dan and Todd Berich plus interest were documented, the notes to become due in May 2005. (Am. Compl. ¶ 18). Reimbursements plus interest were paid from a Company account to Dan and Todd Berich in February 2005. (Am. Compl. ¶ 19). DBI sold equipment to a company called Integrity, allegedly "formed" by Todd Berich. (Am. Compl. ¶ 20). DBI used the proceeds from the sale to pay down its line of credit. (Am. Compl. ¶ 22).

After May 2006, the IPF sent demands to DBI for payment of delinquent withdrawal liability payments.  (Am. Compl. ¶ 24).

On September 1, 2006, DBI filed a petition for bankruptcy in the U.S. Bankruptcy Court for the District of Colorado, Case No. 06-16020-MER.  (Am. Compl. ¶ 27).  In the bankruptcy action, the IPF filed a proof of claim for withdrawal liability in the amount of $350,014.00.  (Am. Compl. ¶ 28).  Plaintiffs allege that the Northwest Bricklayers Pension Fund had a "potential" claim for withdrawal liability in the amount of $94,490.20 (Am. Compl. ¶ 28) and that the Northwest Bricklayers Pension Plan has assigned its claims to IPF (Am. Compl. ¶ 4).[1] The IPF's Complaint in the instant action asks this court to order the individual defendants to pay withdrawal liability in the same amounts, plus additional alleged damages related to withdrawal liability.  (Am. Compl. pp. 10-12).

## III.  DISCUSSION

### A.     Plaintiffs' claims should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

Under Rule 12(b)(1), plaintiffs bear the burden of establishing the court's subject matter jurisdiction.  See *Long Term Care Pharm. Alliance v. Leavitt*, 530 F. Supp. 2d 173, 180 (D. D.C. 2008), and cases cited therein.  In ruling on a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a court must construe plaintiffs' complaint liberally, giving them the benefit of all favorable inferences that can be drawn from the alleged facts.  *Id*.

Plaintiffs claim this court has jurisdiction of this action under ERISA Section 4301(c) (29 U.S.C. § 1451(c)).  (Am. Compl. ¶ 1).  In the Amended Complaint IPF seeks an order undoing

---

[1] There is no record of such a claim being filed, nor of any assignment.  (See Claims Register, Ex. 1).  The Notice of Possible Dividends filed in the bankruptcy action on September 18, 2006, required claims to be filed by December 19, 2006.  (Ex. 2,  Notice).

the complained-of transactions, requiring defendants to pay directly to IPF the amounts involved in the transactions and requiring defendants to pay IPF the amount IPF alleges is owed IPF and Northwest by DBI as the alleged remaining withdrawal liability.  ERISA does not provide for recovery of withdrawal liability against defendants and the facts and law do not support piercing the corporate veil to hold the individual defendants liable.

> **1.    The court lacks subject matter jurisdiction over Count One to determine whether withdrawal liability is owed and in what amount by an employer who is not a party to this action and to order the named defendants to pay the alleged withdrawal liability payments to plaintiffs.**

Section 4301(a), cited in the Amended Complaint, authorizes a plan fiduciary "who is affected by the act or omission of any party under this subtitle [29 U.S.C. § 1381 *et seq.*]" to bring an action for appropriate relief.  29 U.S.C. § 1451(a).  Title IV of ERISA at Section 4201 [29 U.S.C. § 1381] provides that "If an employer withdraws from a multiemployer plan  . . ., the employer is liable to the plan in the amount determined under this part to be withdrawal liability."  29 U.S.C. § 1381(a) (emphasis added).  Title IV does not define the term "employer." The principle of limited corporate liability prevents the plaintiffs from proceeding on their withdrawal liability claims against defendants because the defendants are not "employers" under ERISA.  *See, e.g., Conners v. P & M Coal Co*., 801 F.2d 1373 (D.C. Cir. 1986); *IUE AFL-CIO Pension Fund v. Locke Machine Co*., 726 F. Supp. 561, 570 (D. N.J. 1989).

Plaintiffs state in Count One of their Amended Complaint that their claims are brought pursuant to ERISA Section 4212(c) [29 U.S.C. § 1392(c)].  Section 4212(c) permits courts to set aside transfers of funds under certain circumstances, so that withdrawal liability can be determined and collected "without regard to those transactions."  Section 4212(c) provides:  "If a principal purpose of any transaction is to evade or avoid liability under this part, this part shall be

applied (and liability shall be determined and collected) without regard to such transaction."  29 U.S.C. 1392(c).  Plaintiffs ask this court to set aside transactions involving the sale of equipment, the proceeds of which were used to pay down DBI's line of credit from a commercial bank, the line of credit having been used to repay promissory notes for earlier loans made to DBI by Dan and Todd Berich  (Am. Compl. ¶¶ 17-19).

In *Locke*, the employer corporation had terminated its operations and sold most of its assets.  The fund sued the individual shareholders and officers of the corporation for withdrawal liability when, after having paid seven installments, the corporation stopped making payments.  The suit alleged that the individual defendants knew of the withdrawal liability before they authorized the sale of assets and distribution of proceeds from the sale to shareholders.  The fund claimed that the distribution of the proceeds was a transaction to evade or avoid liability under Section 4212(c) and that the individuals were therefore jointly and severally liable with the corporation for the remainder of the withdrawal liability.  The court disagreed and held that the principle of limited corporate liability prevented the plaintiff from proceeding against individual defendants who were not "employers" under ERISA for withdrawal liability unless there was some reason to disregard the corporate form, but none was alleged.  *See also P & M Coal Co.*, 801 F.2d 1373; *Int'l Bhd. of Painters v. George A. Kracher, Inc.*, 856 F.2d 1546 (D.C. Cir. 1988).

It should also be noted that the complaint in *Locke* was brought against the corporate employer as well as against its individual shareholders and officers.  Plaintiffs here allege that DBI owes the IPF $350,014.00 and the Northwest Pension Fund $94,490.20 in withdrawal liability payments (Am. Compl. ¶¶ 17, 28), but plaintiffs do not name DBI as a defendant.  It can

reasonably be inferred from the allegations of the Amended Complaint that plaintiffs did not name DBI as a defendant in this action because DBI's bankruptcy filing automatically stays the commencement or continuation of a judicial action against the debtor that was or could have been commenced before the commencement of the bankruptcy case.  11 U.S.C. § 362(a)(1).[2] The bankruptcy court has jurisdiction over claims related to the bankruptcy case that could conceivably have an effect on the estate being administered in bankruptcy.  *Id*.; *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984); *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 308 & n. 6 (1995) (applying the *Pacor* test*); In re McGuirl,* 2001 Bankr. LEXIS 1799, No. 90-00141, 90-00142, 2001 WL 1798478, at *6 (Bankr. D. D.C. Nov. 30, 2001) (same); *Atkinson v. Kestell*, 954 F. Supp. 14, 16 (D. D.C. 1997).  The automatic stay of Section 362(a) applies not only to actions against the debtor, but also to actions seeking to obtain property of the bankruptcy estate.  See 11 U.S.C. § 362(a)(1) and (3).  A bankruptcy petition

> operates as a stay, applicable to all entities, of . . . (1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; . . . (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

11 U.S.C. § 362(a)(1) and (3).  "Property of the estate" includes "all legal or equitable interests of the debtor in the property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  The

---

[2] Although plaintiffs omitted the exhibits related to the bankruptcy case when they amended the complaint, that omission does not prevent this court from considering, on this motion, documents referenced by plaintiffs in the amended complaint.  On a 12(b)(1) motion, court may consider facts beyond those alleged in the complaint  *Long Term Care Pharm. Alliance v. Leavitt*, 530 F. Supp. 2d 173, 180 (D. D.C. 2008); *Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).  Regarding the motion based on Rule 12(b)(6), plaintiffs themselves reference the documents in the Amended Complaint.  "Conversion to summary judgment when a district court considers outside materials is to afford the plaintiff an opportunity to respond in kind."  *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1395 (10th Cir. 1997).  The need to respond is not strong where, as here, the matters are central to plaintiffs' claims, plaintiffs are obviously on notice of the matters and if, as anticipated, plaintiffs do not dispute the matters.

bankruptcy court has the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."   11 U.S.C. § 105(a). "The filing of bankruptcy stays 'any act to obtain possession of property from the estate,' [11 U.S.C.] § 362(a)(3), and courts have interpreted this broadly." *LTV Corp. v. Gulf States Steel, Inc.*, 969 F.2d 1050, 1058-59 (D.C. Cir. 1992).  "[A]n action taken against a nondebtor which would inevitably have an adverse impact upon the property of the estate must be barred by the automatic stay provision." *Licensing by Paolo, Inc. v. Sinatra (In re Gucci),* 126 F.3d 380, 392 (2d Cir. 1997).   Thus, the bankruptcy stay applies to this action even though DBI is not named as a defendant because the relief/outcome sought by plaintiffs would affect the bankruptcy estate. Further, plaintiffs have filed a claim for withdrawal liability in the bankruptcy court for some of the same amounts sought in this action and the rest have been waived[3], but plaintiffs claim has not been determined.  No court has determined whether DBI owes withdrawal liability or if it does, in what amount.

The object of the automatic stay provision is essentially to solve a collective action problem - to make sure that creditors do not destroy the bankrupt estate in their scramble for relief.  *United States v. Inslaw, Inc*., 932 F.2d 1467, 1473 (D.C. Cir. 1991), citing H.R. Rep. No. 595, 95th Cong., 1st Sess. at 340; S. Rep. No. 989, 95th Cong., 2d Sess. at 49, 54-55.  Plaintiffs are creditors in the bankruptcy action but have designed this lawsuit to avoid the bankruptcy proceedings where, among other things, the claim of Northwest will be barred by its failure to file a claim and any money recovered as a result of undoing the transactions would belong to the

---

[3] In this lawsuit, plaintiffs include amounts allegedly owed Northwest, but Northwest did not file a claim in the bankruptcy court.  See n. 1, *supra*.  Plaintiffs do not allege that they notified the bankruptcy court of the alleged assignment of claims from Northwest to IPF (Am. Compl. ¶ 4), as required by Federal Rule of Bankruptcy Procedure 3001.

bankruptcy estate and would not be paid directly to plaintiffs.  Plaintiffs do not allege that they

have obtained relief from the automatic stay from the bankruptcy court.

Because defendants are not "employers" under ERISA, plaintiffs do not name DBI in this

lawsuit, the claim is already pending before the bankruptcy court and the automatic stay prevents

plaintiffs from naming DBI in this lawsuit, the premise for a Section 4212(c) action -- that

withdrawal liability is owed -- has not been established and cannot be determined by this court in

this action.

### 2.    The court lacks subject matter jurisdiction over Count Two because the claim is not grounded on a valid underlying ERISA claim.

Piercing the corporate veil is not a cause of action, but a means of imposing liability on

an underlying cause of action, such as ERISA.  "If respondent alleged no underlying violation of

an ERISA provision, then its jurisdictional provisions did not supply the district court with

subject-matter jurisdiction over the suit."  *Peacock v. Thomas*, 516 U.S. 349, 353 (1996).

Though plaintiffs allege in Count One an underlying cause of action based on ERISA Section

4212(c), the claim is barred by the automatic stay for the above-stated reasons.  Jurisdiction is

not properly grounded on ERISA and plaintiffs' claims must be dismissed.

### B.    The defendants are not subject to the personal jurisdiction of this court and plaintiffs' claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

Plaintiffs have failed to allege a colorable ERISA action and plaintiffs may not rely on

ERISA Section 4301 to establish personal jurisdiction over the defendants.  *See Locke*, 726 F.

Supp. at 570.  The complaint identifies no other basis for jurisdiction.

### C.    Because plaintiffs have not filed a colorable claim under ERISA, that statute does not confer venue on this court to hear plaintiffs' claims as plaintiffs allege.

Plaintiffs assert that venue in this action for payment of withdrawal liability is conferred upon this court pursuant to Section 4301(d) of ERISA (29 U.S.C. § 1451(d)).  (Am. Compl. ¶ 2)  Section 4301(d) provides:

> Where an <u>action under this subchapter</u> is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1451(c) (emphasis added).  Plaintiffs' Complaint does not allege a colorable action under ERISA, so Section 4301(d) does not provide a basis for filing those claims in this court.

**D.    The plaintiffs can prove no set of facts in support of their claims that would entitle them to relief and their claims should be dismissed under Rule 12(b)(6).**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).   A claim may be dismissed because it asserts a legal theory not cognizable as a matter of law or because the claim fails to allege sufficient facts to support a cognizable legal claim.  *Morey v. Miano*, 141 F. Supp. 2d 1061, 1062 (D. N.M. 2001). As discussed above, plaintiffs' Amended Complaint fails to assert a legal theory cognizable at law.  Plaintiffs acknowledge that they have made the same claims in the bankruptcy proceeding but allege no facts that would overcome the effect of the automatic stay against pursuing those claims before this court.  Plaintiffs' Amended Complaint also fails to allege sufficient facts to support a cognizable claim for piercing the corporate veil.

Officers and controlling stockholders are not liable under ERISA for withdrawal liability obligations as a matter of law.  They cannot be subject to personal responsibility for withdrawal liability in the absence of conduct sufficient to "pierce the corporate veil" under common law.  *P & M Coal,* 801 F.2d at 1376-78.  To hold stockholders and officers personally liable for a

withdrawal assessment, the courts apply principles of corporate law and determine whether sufficient facts have been alleged to pierce the corporate veil. *See DeBreceni v. Graf Bros. Leasing, Inc.*, 828 F.2d 877, 878 (1st Cir. 1987) (stringent "pierce the corporate veil" test applies in withdrawal liability cases). Although plaintiffs have amended their complaint to argue for corporate veil piercing, they fail to allege facts sufficient to support the claim.

"Unless a federal interest is implicated, 'the state where a corporation is incorporated, or where the alleged corporate wrongdoing occurred, normally dictates whether the corporate veil should be pierced.'" *Amore v. Accor N. Am., Inc*., 529 F. Supp. 2d 85, 93 (D. D.C. 2008), quoting *United States ex rel. Siewick v. Jamieson Sci. & Eng'g, Inc*., 191 F. Supp. 2d 17, 20 (D. D.C. 2002) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)). The Pension Benefit Guaranty Corporation (PBGC), the entity administering withdrawal liability under ERISA, has stated in an opinion letter that shareholder or officer liability for debts of a corporation is usually determined by state law. PBGC Opinion Letter 83-038 (Dec. 14, 1982). Interpretation of ERISA by the PBGC should not be rejected unless there is evidence Congress intended a contrary result. *See Nachman Corp. v. Pension Benefit Guar. Corp.*, 446 U.S. 359, 373-74 (1980 ).

In Colorado, the state in which DBI is incorporated and the corporate wrongdoing is alleged to have occurred, the alter ego test permits the court to pierce the corporate veil "when the court must prevent fraud, illegality or injustice, or when recognition of the corporate entity would defeat public policy or shield someone from liability from a crime," *Frank v. U.S. West, Inc*., 3 F.3d 1357, 1362 n.2 (10th Cir. 1993). "The corporate form, however, will not be disregarded unless a clear showing is made that it was used to perpetrate a fraud or defeat a

rightful claim." *Contractors Heating v. Scherb*, 432 P.2d 237, 239 (Colo. 1967). Because the

veil-piercing doctrines of both states require a defendant to perpetuate a fraud through the use of

the corporate form and because the plaintiff fails to allege specific facts to show such a fraud, the

court need not conduct a choice of law analysis to determine this issue. *See Amore*, 529 F. Supp.

2d at 93.

A plaintiff must allege a "plausible entitlement to relief," by setting forth "any set of facts

consistent with the allegations." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1967, 1969 (2007).

The short and plain statement of fact required by Federal Rule of Civil Procedure 8(a)(2) must

"possess enough heft to show that the pleader is entitled to relief," meaning that "factual

allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127

S.Ct. at 1965. A "formulaic recitation of elements of a cause of action will not do." *Id.* Federal

Rule of Civil Procedure 9(b) also requires that "In alleging fraud or mistake, a party must state

with particularity the circumstances constituting fraud or mistake."

The Amended Complaint alleges that on May 1, 2004, Dan and Todd Berich executed

promissory notes for amounts they had previously loaned to the corporation and that the notes

were due in May 2005. (Am. Compl. ¶ 18). It also acknowledges that DBI made timely

withdrawal liability payments from May 10, 2004 until May 6, 2006. (Am. Compl. ¶¶ 14, 16,

21). It further alleges that DBI's line of credit was used to repay the loans (Am. Compl. ¶ 19)

and that the line of credit was paid off with the proceeds from the sale of equipment (Am.

Compl. ¶ 22) before DBI filed a petition in bankruptcy in September 2006 (Am. Compl. ¶ 17).

Like the allegations found insufficient to state a claim in *Twombly*, the allegations in the instant

case are not sufficient because the conduct alleged is not itself unlawful. *See Twombly* at 1964.

Whether the actions alleged were undertaken to evade or avoid ERISA withdrawal liability or to perpetrate a fraud or defeat a rightful claim depends upon whether defendants acted with knowledge of the withdrawal liability and with such intent.  But the Amended Complaint presents only labels (e.g. "scheme") and conclusions, not facts, to suggest they did (e.g.  the promissory notes were "irregular" (Am. Compl. ¶ 18), payments were not loans but were "improper" transfers of capital to owners (Am. Compl. ¶ 18), Integrity was "a dummy company" formed "for the sole purpose of acting as a conduit of DBI assets" (Am. Compl. ¶ 20), "the transaction was structured so that Integrity could purchase DBI's business without compensating DBI for its goodwill while making the transaction appear to be legitimate" (Am. Compl. ¶ 21). Allegations of irregularity are insufficient to state a claim for fraud.  *Contractors Heating*, 432 P.2d at 239.  On a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation, factual allegations must be enough to raise a right to relief above the speculative level.  *Id.*  "[T]he court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint.  Nor must the court accept legal conclusions cast in the form of factual allegations." *Baird v. Holway*, 539 F. Supp. 2d 79, 87 (D. D.C. 2008).

Plaintiffs have not asserted a legal theory cognizable in law for imposing withdrawal liability on the defendants.  The automatic stay triggered by the bankruptcy proceeding prevents plaintiffs from bringing suit to recover on the alleged withdrawal liability debt of DBI.  Plaintiffs have failed to allege sufficient facts to support their claim based on piercing the corporate veil. Both legally and factually, plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted against defendants.

**E.    Even if plaintiffs' Amended Complaint were to survive defendants' motion to dismiss, transfer of venue to the District of Colorado would better serve the interests of justice and the convenience of the parties and witnesses.**

ERISA provides:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2).  Plaintiffs allege that the trust is administered in the District of Columbia and that the Northwest Bricklayers Pension Plan assigned its claims to the International Pension Fund.  (Am. Compl. ¶¶ 2, 4).  In the instant case, venue in the District of Columbia could be proper only if the Amended Complaint sufficiently alleges ERISA claims.  Plaintiffs' claim based on piercing the corporate veil is a matter of state law.  And even if a certain venue is proper, the court may use its discretion to transfer the action to another district for the convenience of the parties or in the interest of justice, so long as the new forum would have been proper.  28 U.S.C. § 1404(a).  The deference given by the courts to Section 1132(e)(2) is overcome if the plaintiff's choice of forum is outweighed by the convenience of the parties, the convenience of the witnesses or the interests of justice.  *Int'l Painters and Allied Trades Industry Pension Fund v. Tri-State Interiors, Inc.*, 357 F. Supp. 2d 54, 56 (D. D.C. 2004).

Dan Berich and Todd Berich are residents of the State of Colorado.  Dan Berich was the president and chief executive officer of DBI, which maintained offices and conducted business in the State of Colorado.  (Am. Compl. ¶ 5).  Todd Berich is a former officer of DBI.  (Am. Compl. ¶ 6).  DBI was signatory to collective bargaining agreements with Local # 7 of the International Union of Bricklayers and Allied Craftworkers ("Union") until 2003, when DBI terminated the collective bargaining agreement with the Union and DBI and Union failed to reach agreement on

a new contract.  (Am. Compl. ¶ 8, 9)  Local # 7 is located in the State of Colorado.  The transactions complained of are alleged to have occurred in Colorado.  (Am. Compl. ¶¶ 18-22).  The facts that would determine whether piercing the corporate veil is justified in this case would come from witnesses and evidence located in Colorado.

It can reasonably be inferred from the facts alleged in the complaint that most, if not all, of the witnesses for all parties reside in Colorado and that most of the exhibits related to the claims will be found there as well.  DBI filed bankruptcy in the United States Bankruptcy Court for the District of Colorado and the bankruptcy trustee and bankruptcy attorneys are located in Colorado.  (See Ex. 3, Voluntary Petition, pp. 1-3).   Key Bank, alleged in plaintiffs' Amended Complaint as the location of DBI's operating account and source of disbursements to Dan and Todd Berich, is located in Colorado.  (See Ex. 4, Statement of Financial Affairs pp. 4, 7).  Because witnesses and exhibits likely to be used by both parties are located in Colorado, transferring venue will not serve merely to shift the inconvenience from defendants to plaintiffs, but will prove more convenient and cost effective for all parties.

## CONCLUSION

For the reasons stated above, plaintiffs' First Amended Complaint should be dismissed for lack of jurisdiction and improper venue and defendants awarded their attorney fees and costs and such other relief as the court deems just and proper.

Respectfully submitted this 23rd day of July, 2008.

By:  s/ Mary Lou Smith
Mary Lou Smith
D.C. Bar No. 389507
HOWE, ANDERSON & STEYER, P.C.
815 Connecticut Avenue, N.W., Suite 620
Washington, D.C.  20006
202-296-5680
202-331-8049 fax
mlsmith@haspc.com

By: s/ Robert R. Miller
Robert R. Miller
Susan M. Schaecher
STETTNER MILLER, P.C.
1050 17th Street, Suite 700
Denver, CO  80265-2008
(303) 534-0273
(303) 534-5046 fax
rmiller@stetmil.com
sschaecher@stetmil.com
Attorneys for Defendants

# District of Colorado
# Claims Register

### 06-16020-MER Dan Berich, Inc.

**Judge:** Michael E. Romero          **Chapter:** 7

**Office:** Denver          **Last Date to file claims:**

**Trustee:** Tom H. Connolly          **Last Date to file (Govt):**

| Creditor:<br>Comiskey & Company, P.C.<br>789 sherman St.<br>Ste. 385<br>Denver, CO 80203 | Claim No: 1<br>*Filed:*  10/30/2006<br>*Entered:* 10/30/2006 | Status:<br>*Filed by:* CR<br>*Entered by:* Nguyen, Thanh<br>*Modified:* |
|---|---|---|

Unknown claimed: $5054.70

**Total**      claimed: $5054.70

*History:*
⦿ 1-1        10/30/2006 Claim #1 filed by Comiskey & Company, P.C. , total amount claimed: $5054.7 (Nguyen, Thanh)

| Creditor:<br>Trustees, Bricklayers & Trowel Trades IPF<br>c/o Ira R. Mitzner<br>Dickstein Shapiro, LLC<br>1825 Eye Street, NW<br>Washington, DC 20006 | Claim No: 2<br>*Filed:*  11/22/2006<br>*Entered:* 11/22/2006 | Status:<br>*Filed by:* CR<br>*Entered by:* Flora, Maria<br>*Modified:* |
|---|---|---|

Unknown claimed: $350014.00

**Total**      claimed: $350014.00

*History:*
⦿ 2-1        11/22/2006 Claim #2 filed by Trustees, Bricklayers & Trowel Trades IPF , total amount claimed: $350014<br>(Flora, Maria)

## Claims Register Summary

**Case Name:** Dan Berich, Inc.
**Case Number:** 06-16020-MER
**Chapter:** 7
**Date Filed:** 09/01/2006
**Total Number Of Claims:** 2

| | Total Amount Claimed | Total Amount Allowed |
|---|---|---|
| **Unsecured** | | |
| **Secured** | | |
| **Priority** | | |
| **Unknown** | $355068.70 | |
| **Administrative** | | |
| **Total** | $355068.70 | $0.00 |

EXHIBIT

/

PDF created with pdfFactory trial version www.softwarelabs.com

FROM :                          FAX NO. :3037779774        Jan. 24 2007 10:26AM  P1

# FAX

**I.U.B.A.C. LOCAL 7 COLORADO**
**5201 E. 38th Avenue**
**Denver, CO 80207**

**Date**    1/24/07

Number of pages including cover sheet    I

**To:**    Ira Mitzner

**From: Bricklayers & Allied
Craftworkers Local 7 Colorado**

**BRICK, STONE, TILE, MARBLE
& TERRAZZO WORKERS**

**Patrick F. Schwarz**

**Phone**

**Fax
Phone**    202-420-2201

**CC:**

**Email**    bricklayers7life@qwest.net

**Phone**    303-777-0298

**Fax Phone**    303-777-9774

**REMARKS:**

☐ Urgent    ☐ For your review    ☐ Reply ASAP    ☐ Please comment

**Brad Middleton**
**Northwest Pension**
**Phone #503-968-7487**

**Ronald E. Lehman    Ph. #303-986-8762**

**401K with Dan Berich, Inc.**

He claims he lost $3,000 to $4,000 when he pulled his money out.  If you need copies Ron is willing to help.

(COB Form nopd.jsp #152)(12/03)

# UNITED STATES BANKRUPTCY COURT
## District of Colorado

Dan Berich, Inc.                                 Case Number.: 06−16020−MER
Debtor(s)                                        Chapter: 7
Debtor SSN/TaxId Nos.:
84−0611816
Joint Debtor SSN/Tax Id Nos.:

Debtor(s)
aka(s), if any will be listed on the following page

## NOTICE OF POSSIBLE DIVIDENDS

It appearing to the Trustee that a dividend to creditors is possible;

Creditors are hereby notified that if they desire to participate in a distribution of assets, they must file a claim with the court no later than 12/19/06 .

Pursuant to Fed.R.B.P. 3002(c)(1) and (5) a proof of claim shall be filed BY A GOVERNMENTAL UNIT not later than 180 days after the date of the order for relief, or 12/19/06 .

All claimants who are seeking an administrative claim must obtain a Court Order pursuant to the Bankruptcy Code.

Proof of Claim Forms should be filed with:

      Clerk of the Bankruptcy Court
      U.S. Custom House
      721 19th Street
      Denver, Colorado 80202−2508

THE REVERSE OF THIS NOTICE IS A CLAIM AND MAY BE USED FOR FILING THE CLAIM HEREIN. CREDITORS WHO HAVE PREVIOUSLY FILED CLAIMS NEED NOT FILE AGAIN.

Dated: 9/18/06                                   Tom H. Connolly

                                            390 Interlocken Crescent
                                            Ste. 490
                                            Broomfield, CO 80021

**EXHIBIT**

2

(Official Form 1) (10/05)

| United States Bankruptcy Court<br>District of Colorado | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Dan Berich, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|

| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
|---|---|

| Last four digits of Soc. Sec./Complete EIN or other Tax ID No. (if more than one, state all)<br>**84-0611816** | Last four digits of Soc. Sec./Complete EIN or other Tax ID No. (if more than one, state all) |
|---|---|

| Street Address of Debtor (No. & Street, City, and State):<br>**1675 West Yale Ave., Unit D**<br>**Englewood, CO**<br>ZIP Code **80110** | Street Address of Joint Debtor (No. & Street, City, and State):<br>ZIP Code |
|---|---|

| County of Residence or of the Principal Place of Business:<br>**Arapahoe** | County of Residence or of the Principal Place of Business: |
|---|---|

| Mailing Address of Debtor (if different from street address):<br>**PO Box 2295**<br>**Englewood, CO**<br>ZIP Code **80150** | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
|---|---|

| Location of Principal Assets of Business Debtor<br>(if different from street address above): |
|---|

**Type of Debtor** (Form of Organization)
(Check one box)
- ☐ Individual (includes Joint Debtors)
- ☒ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and provide the information requested below.)
  State type of entity:

**Nature of Business**
(Check all applicable boxes.)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Nonprofit Organization qualified under 26 U.S.C. § 501(c)(3)

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ☒ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)
- ☐ Consumer/Non-Business
- ☒ Business

**Filing Fee** (Check one box)
- ☒ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2 million.

**Statistical/Administrative Information**
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1000-5,000 | 5001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Debts

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**EXHIBIT**

**3**

(Official Form 1) (10/05)                                                                 FORM B1, Page 2

| **Voluntary Petition**<br><br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>Dan Berich, Inc. |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 8 Years** (If more than one, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed: **- None -** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.<br>I further certify that I delivered to the debtor the notice required by §342(b) of the Bankruptcy Code.<br><br>X _____<br> Signature of Attorney for Debtor(s)           Date |
|---|---|

| **Exhibit C**<br><br>Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and Exhibit C is attached and made a part of this petition.<br><br>■ No | **Certification Concerning Debt Counseling**<br>**by Individual/Joint Debtor(s)**<br><br>☐ I/we have received approved budget and credit counseling during the 180-day period preceding the filing of this petition.<br><br>☐ I/we request a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances. (Must attach certification describing.) |
|---|---|

**Information Regarding the Debtor (Check the Applicable Boxes)**

**Venue** (Check any applicable box)

■  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Statement by a Debtor Who Resides as a Tenant of Residential Property**
*Check all applicable boxes.*

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

(Official Form 1) (10/05)                                                                FORM B1, Page 3

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | **Dan Berich, Inc.** |

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by §342(b) of the Bankruptcy Code.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
  Signature of Debtor

X _____
  Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by §1515 of title 11 are attached.

☐ Pursuant to §1511 of title 11, United States Code, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
  Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

**Signature of Attorney**

X  **/s/ Robert Padjen** _____
  Signature of Attorney for Debtor(s)

  **Robert Padjen 14678**
  Printed Name of Attorney for Debtor(s)

  **Laufer and Padjen LLC**
  Firm Name

  **5290 DTC Parkway**
  **Suite 150**
  **Englewood, CO 80111**
  Address

  **(303) 830-3173  Fax: (303) 830-3135**
  Telephone Number

  **September 1, 2006**
  Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **/s/ Dan Berich** _____
  Signature of Authorized Individual

  **Dan Berich**
  Printed Name of Authorized Individual

  **CEO**
  Title of Authorized Individual

  **September 1, 2006**
  Date

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

Official Form 7
(10/05)

# United States Bankruptcy Court
## District of Colorado

In re  **Dan Berich, Inc.** _____

_____ Debtor(s)

Case No. _____

Chapter  **7** _____

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## *DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
| --- | --- |
| $2,084,575.00 | To April 2004 gross revenue from operations |
| $2,636,408.00 | To April 2005 gross revenue from operations |
| $703,102.00 | To April 2006 gross revenue from operations |

**EXHIBIT**

tabbies®

4

4

### 8. Losses

None ■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9. Payments related to debt counseling or bankruptcy

None □

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Robert Padjen** **5290 DTC Parkway, Suite 150** **Englewood, CO 80111** | August 2006 | $3000 |

### 10. Other transfers

None □

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Sales by Ritchie Bros. Auctioneers** **821 Weld County Road 27** **Brighton, CO 80603** **Employed by Debtor** | 2/05 to 3/06 | **Various items of furniture, fixtures, equipment and vehicles were sold at auction and pursuant to appraisals for a total of $426,835.00. Note that some of the foregoing assets were purchased by Integrity Equipment Company, which is owned by certain former officers of the Debtor.** |

None ■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11. Closed financial accounts

None □

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **Key Bank** **100 Broadway** **Denver, CO 80203** | Checking accounts #4453, 2492, 4428. | **#s 4428 and 2492 closed 2/06 (zero balance) and # 4453 closed 5/06.** |

**19. Books, records and financial statements**

None    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or
☐    supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Comiskey and Co.** | **1985 to present** |
| **789 Sherman St., Ste. 385** | |
| **Denver, CO 80203** | |

None    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books
☐    of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| **Comiskey and Co.** | **789 Sherman St., Ste. 385** | **2003** |
| | **Denver, CO 80203** | |

None    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records
☐    of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| **Comiskey & Co.** | **789 Sherman St., Ste 385** |
| | **Denver, CO 80203** |

**Debtor**

None    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was
☐    issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **Key Bank** | |
| **100 Broadway** | |
| **Denver, CO 80203** | |
| | |
| **CNA Surety** | |
| **333 S. Wabash** | |
| **Chicago, IL 60604** | |

**20. Inventories**

None    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory,
■    and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.
■

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

**21 . Current Partners, Officers, Directors and Shareholders**

None    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.
■

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                             )
JOHN J. FLYNN, et al.,                       )
                                             )
                     Plaintiffs,             )
                                             )
            v.                               )          Civil Action No. 08-cv-0588-PLF
                                             )
JOHN DANIEL BERICH,  et al.,                 )
                                             )
                     Defendants.             )
_____      )

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER having come before the Court on defendants' Motion to Dismiss First

Amended Complaint or, in the Alternative, to Transfer this action under Rules 12(b)(1), (2) and

(6) of the Federal Rules of Civil Procedure and the Court, being fully advised in the premises,

does hereby

APPROVE defendants' Motion to Dismiss and ORDER the dismissal of this action with

prejudice, each party to bear its own costs.


ENTERED AS AN ORDER OF THE COURT THIS ____ DAY OF _____,

2008.

BY THE COURT:


_____

U.S. District Court Judge