UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN J. FLYNN, *et al.*,

Plaintiffs,

v.

JOHN DANIEL BERICH, *et al.*,

Defendants.

Civil Action No. 08-0588 (PLF)

MEMORANDUM OPINION

This matter is before the Court on two separate but largely identical motions to dismiss the complaint pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, to transfer this case to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1404(a). One motion is submitted on behalf of defendants John and Todd Berich; the other is submitted on behalf of defendant Integrity Equipment Company, Inc. Upon consideration of the motions, plaintiffs' oppositions thereto and defendants' replies, the Court will deny defendants' motions to dismiss without prejudice and transfer this case to the United States District Court for the District of Colorado.

Plaintiffs are the trustees of the Bricklayers & Trowel Trades International Pension Fund (the "Pension Fund"). The Pension Fund is an "employee benefit plan" and a "multiemployer plan" under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"). Defendants John and Todd Berich acted as the controlling owner and principal officer, respectively, of Dan Berich, Inc. ("DBI"), a Colorado

corporation that filed for bankruptcy in 2006. Before it filed for bankruptcy, DBI contributed to the Pension Fund for many years pursuant to collective bargaining agreements between DBI and the International Union of Bricklayers and Allied Craftworkers or its affiliates. See Compl. ¶¶ 5, 8. Defendant Integrity Equipment Company, another Colorado corporation, is owned and controlled by defendant Todd Berich. See id. ¶ 7. The Pension Fund alleges that (1) before it filed for bankruptcy, DBI incurred so-called "withdrawal liability" to the Pension Fund; (2) all three of the defendants engaged in transactions designed to evade DBI's withdrawal liability; and thus that (3) the defendants are now liable to the Pension Fund under Sections 1381 and 1392(c) of ERISA. See id. ¶¶ 8-36.[1] Defendants argue that this case should be dismissed or, in the alternative, that it should be transferred to the District of Colorado. Because the Court agrees with the latter argument, it need not address the former argument. See, e.g., Kazenercom TOO v. Turan Petroleum, Inc., 590 F. Supp. 2d 153, 157 n.5 (D.D.C. 2008).

## I. LEGAL FRAMEWORK

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). ERISA includes a special venue provision applicable to this matter, which provides that "[a]n action . . . may be brought in the district where the plan is administered or where a defendant resides or does business[.]" 29 U.S.C. § 1451(d). Section

---

[1] Section 1381 provides, in pertinent part, that "[i]f an employer withdraws from a multiemployer plan . . . then the employer is liable to the plan in the amount determined under this part to be the withdrawal liability." 29 U.S.C. § 1381(a). Section 1392(c) provides that "[i]f a principal purpose of any transaction is to evade or avoid liability under this part, this part shall be applied (and liability shall be determined and collected) without regard to such transaction." 29 U.S.C. § 1392(c).

1451(d) was intended to make collection actions more "efficient, economical, and inexpensive for ERISA funds" by permitting them to bring such actions in their home districts. Plaintiffs' Opposition to Defendants' Motion to Dismiss Or, In the Alternative, to Transfer at 18. See also Int'l Painters and Allied Trades Indus. Pension Fund v. Tri-State Interiors, Inc., 357 F. Supp. 2d 54, 56 (D.D.C. 2004). Section 1451(d) was not, however, intended to displace Section 1404(a). See Hanley v. Omarc, Inc., 6 F. Supp. 2d 778, 779 (N.D. Ill. 1998). Thus, as Judge Revercomb explained:

> [In all cases the] moving party bears the burden of showing that venue should be transferred. See Int'l Bhd. of Painters and Allied Trades Union and Industrial Pension Fund v. Best Painting and Sandblasting Co., 621 F. Supp. 906, 907 (D.D.C. 1985). In the ERISA context, this burden is greater because [ERISA's special venue provisions] evince[] Congress's intent "to expand, rather than restrict, the ERISA plaintiff's choice of forum." Trustees of the Hotel Employees and Restaurant Employees Internat'l Union Welfare Pension Fund v. Amivest Corp., 733 F. Supp. 1180, 1182 (N.D. Ill. 1990). . . . Nevertheless, [ERISA's special venue provisions do] not preclude transfer under the general venue statute of 28 U.S.C. § 1404(a). See Board of Trustees, Sheet Metal Workers National Fund v. Baylor Heating & Air Conditioning, Inc., 702 F. Supp. 1253, 1257 & n.13 (E.D. Va. 1988).

Int'l Bhd. of Painters and Allied Trades Union and Indus. Pension Fund v. Rose Bros. Home Decorating Ctr., Inc., Civil Action No. 91-1699, 1992 WL 24036, at *2 (D.D.C. 1992).

## II. DISCUSSION

Venue is undoubtedly proper in the District of Columbia because this is the "district where the [Pension Fund] is administered." 29 U.S.C. § 1451(d). But the case might have been brought in the District of Colorado as well because that is where the defendants reside and do business. See id. The question, therefore, is which venue is *more* appropriate. To

answer this question, the Court "uses its broad discretion to balance case-specific factors related to the public interest of justice and the private interests of the parties and witnesses." Aftab v. Gonzalez, Civil Action No. 07-2080, 2009 WL 368660, at *2 (D.D.C. Feb. 17, 2009). Having reviewed the parties' arguments and the relevant case law, and having carefully weighed the interests at stake in light of the circumstances of this case, the Court concludes that this case should be transferred.

Defendants argue, and the Pension Fund acknowledges, that "the only connection the claims in this case have to the District of Columbia is that the District of Columbia is the place the [Pension Fund] is administered." Integrity's Motion to Dismiss Plaintiffs' First Amended Complaint Or, In the Alternative, to Transfer at 11. In contrast, this case has many connections to the District of Colorado. For example:

> Dan Berich and Todd Berich are residents of the State of Colorado. Dan Berich was the president and chief executive officer of DBI, which maintained offices and conducted business in the State of Colorado. Todd Berich is a former officer of DBI. DBI was signatory to collective bargaining agreements with Local # 7 of the International Union of Bricklayers and Allied Craftworkers ("Union") until 2003[.] Local # 7 is located in the State of Colorado. The transactions complained of are alleged to have occurred in Colorado. The facts that would determine whether piercing the corporate veil is justified in this case would come from witnesses and evidence located in Colorado.
>
> It can reasonably be inferred . . . that most, if not all, of the witnesses . . . reside in Colorado and that most of the exhibits related to the claims will be found there as well. . . . Key Bank, alleged in plaintiffs' Amended Complaint as the location of DBI's operating account and source of disbursements to Dan and Todd Berich, is located in Colorado.

John and Todd Berich's Motion to Dismiss Plaintiffs' First Amended Complaint Or, In the

Alternative, to Transfer at 14-15 (citations to Amended Complaint and exhibits omitted).

Relatedly, and no less importantly, "DBI filed [for] bankruptcy in the United States Bankruptcy Court for the District of Colorado," John and Todd Berich's Motion to Dismiss Plaintiffs' First Amended Complaint Or, In the Alternative, to Transfer at 15, and the Pension Fund has filed a claim in that ongoing action. As the Pension Fund's claims in this case arise from – or at least are closely related to – the Pension Fund's claim in the bankruptcy case, and as the two cases are likely to involve many of the same exhibits and witnesses, it would be far more convenient and efficient to conduct them both in Colorado.

Finally, the fact that the Pension Fund has chosen to file a claim against DBI in the United States Bankruptcy Court for the District of Colorado cuts strongly against any suggestion that it would be unduly burdensome to require the Fund to litigate this action in the United States District Court for the District of Colorado.

In sum, given the circumstances identified above, and notwithstanding the heightened deference owed to the Pension Fund's choice of forum under ERISA, the Court concludes that "[f]or the convenience of parties and witnesses, [and] in the interest of justice," this case should be transferred to the District of Colorado. 28 U.S.C. § 1404(a).

An Order consistent with this Memorandum Opinion will issue this same day.

SO ORDERED.

/s/_____________________________
PAUL L. FRIEDMAN
United States District Judge

DATE: March 25, 2009